LEMMON, Judge.
This matter is before the court on a motion to dismiss the appeal from a judgment, rendered pursuant to C.C.P. art. 1469(4), which ordered defendants to pay attorney’s fees and costs incidental to plaintiffs’ successful motion to compel discovery.
I
Plaintiffs originally sued to compel issuance of a title insurance policy. In pretrial discovery plaintiffs propounded written interrogatories. When defendants allegedly failed to answer or object properly, plaintiffs filed a motion to compel the answers. Eventually this court, on application for supervisory writs, ordered defendants to answer the interrogatories, reserving plaintiff’s right to invoke the provisions of C.C.P. art. 1469(4).
Plaintiffs then moved for an order requiring defendants to pay the reasonable expenses, including attorney’s fees, incurred by plaintiffs in obtaining the order which compelled discovery. The trial court rendered judgment granting attorney’s fees and costs, and defendants appealed suspen-sively. Plaintiffs have now moved to dismiss the appeal.
II
Citing Advertiser, Division of the Independent, Inc. v. Tubbs, 199 So.2d 426 (La. App. 3d Cir. 1967), plaintiffs first argue that the judgment is a non-appealable interlocutory judgment. In the Tubbs case, which involved a judgment compelling discovery and awarding attorney’s fees in connection with a contempt rule, the court reasoned:
“To impede the progress of litigation by granting an appeal whenever statutory enforcement provisions of the discovery devices are invoked seems to us a policy most unwise, for the every (sic) purpose of discovery devices is to reduce the delays inherent in the enforcement and defense of legal rights. Appellant’s remedy, an application to this court for supervisory writs, affords him speedy and ample protection against oppressive or unreasonable sanctions which may be imposed by the lower court during pretrial production of evidence.”
The opinion in the Tubbs case thus explains why a trial court judgment ordering or denying discovery is generally inappropriate for review under appellate jurisdiction. However, the same reasoning does not apply to a money judgment awarding expenses incidental to a motion to compel discovery, since the progress of the litigation on the principal demand is not retarded by an appeal from such a money judgment. C.C.P. art. 2088 provides that the trial court retains jurisdiction to proceed with “those matters not reviewable under the appeal”, and since the issues in the principal demand in this case are not reviewable under this appeal, the delay inherent in the appellate process as to the unrelated money judgment will not in any manner affect the pending litigation on the principal demand.
The general scheme of the Code of Civil Procedure is to allow appeals of right from every judgment which decides the merits of the case in its entirety and from some judgments which either decide the merits in part or decide preliminary matters in the course of the action. C.C.P. art. 2083, 1841; Lee v. Lee, 375 So.2d 769 (La. App. 4th Cir. 1979).
Judgments deciding the merits in part constitute partial final judgments, the appealability of which is governed by C.C.P. art. 1915. Judgments deciding preliminary matters in the course of the action are interlocutory judgments and are appealable only if they may cause irreparable injury. C.C.P. art. 2083. The policy of allowing appeals from some partial final judgments and from some interlocutory judgments, while conflicting with the policy against piecemeal appeals, recognizes that some issues or the rights of some parties should be reviewed without awaiting a complete adjudication of the merits. Lee v. Lee, above.
*DCLXXII The judgment in the present case is not a partial final judgment and is not truly an interlocutory judgment, since it does not really decide a preliminary matter in the course of the action. Rather, it is an offshoot from the principal litigation which is “too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated”.[1]
Thus, this type of judgment does not fit precisely into the procedural articles relating to appealable judgments. In the federal system this type of judgment has been referred to as a “collateral order”, subject to rules of appealability under the court-made collateral order doctrine.[2] Under the doctrine this type of judgment is immediately appealable on the basis that the judgment is a final disposition of a claim which is not an ingredient of the principal cause of action, is separable from the merits of the case, and does not require consideration along with the issue relative to the merits. Wright, Law of Federal Courts, Ch. 11, § 101, pp. 507-509 (1976).
In the present case there is no valid reason to defer the appeal from the money judgment until a disposition, by compromise or judgment, of the merits of the case. The claim for expenses of the motion to compel is totally unrelated to and independent of the claim asserted on the merits, and disposition of either claim will have no effect whatsoever on the other claim. The judgment should be subject to immediate execution and conversely should be subject to immediate suspensive appeal.
Ill
As an alternative to questioning defendants’ right to appeal, plaintiffs’ motion asserts (assuming the judgment is appeala-ble) that the appeal was untimely, being filed more than 60 days after the expiration of the delay for applying for a new trial. However, within the delay for applying for a new trial, defendants did file a motion which alternatively requested a new trial, and the delay for appealing must be calculated from the date of denial of that motion. Under the appropriate calculation the appeal was timely.
The motion to dismiss is denied.

MOTION DENIED.

. The language is quoted from Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), which fashioned the rule applicable to appeals from such judgments in the federal system.

. This judicial exception to the general legislative requirement of finality is similar to the exception (now legislatively recognized in Louisiana) allowing appeals from interlocutory judgments in order to avoid irreparable injury.