444 So.2d 676 (1984)
Randolph BUTLER, Sr.
v.
OVERNITE TRANSPORTATION CO., INC., et al.
No. 83-CA-602.
Court of Appeal of Louisiana, Fifth Circuit.
January 10, 1984.
*677 Rodney A. Brignac and Robert R. Faucheux, Jr., Reserve, for Randolph Butler, Sr., plaintiff-appellee.
James L. Donovan, Donovan & Lawler, Metairie, for Overnite Transp. Co., Inc., et al., plaintiffs-appellants.
Before BOUTALL, C.J., and CURRAULT and GAUDIN, JJ.
BOUTALL, Chief Judge.
This appeal arises from a judgment rendered in a worker's compensation case ordering the employer-appellant to pay certain medical and hospital expenses of its employee under La.R.S. 23:1203 and awarding attorney's fees for its arbitrary and capricious refusal to pay pursuant to La. R.S. 22:658. We remand for a retrial on competent evidence.
Plaintiff-appellee Randolph Butler allegedly suffered a back injury on June 17, 1982 in the course and scope of his employment with appellant, Overnite Transportation Co., Inc. He filed suit for compensation benefits on September 20, 1982. Appellant and its compensation carrier answered by way of general denial. No benefits were paid to appellee. As a result of a Rule to Show Cause brought by appellee some nine months later, in May of 1983, appellants Overnite Transportation and its compensation carrier were ordered to provide Randolph Butler with all necessary medical care recommended by Mr. Butler's physician, and further appellants were cast for attorney's fees of $300 for the bringing of the rule.
The medical care in question would entail Randolph Butler's hospitalization for various tests and treatment.
At the outset we must address the dismissal of the appeal urged by appellee on the grounds that the judgment appealed from is interlocutory in nature and is not appealable under La.C.C.P. art. 2083 absent a showing of irreparable injury.
As to that portion of the judgment relating to the award of attorneys' fees under La.R.S. 22:658, we adopt the rationale *678 enunciated in Speeg v. Stewart Title Guaranty, 377 So.2d 589 (La.App. 4th Cir. 1979). Speeg dealt with the appealability of an award of attorneys' fees and costs in conjunction with a Motion to Compel Discovery, and we find the reasoning therein equally applicable to the award of attorneys' fees in the case presently before us, namely that:
The judgment in the present case is not a partial final judgment and is not truly an interlocutory judgment, since it does not really decide a preliminary matter in the course of the action. Rather, it is an offshoot from the principal litigation which is "too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." [Citation omitted]
Thus, this type of judgment does not fit precisely into the procedural articles relating to appealable judgments. In the federal system this type of judgment has been referred to as a "collateral order", subject to rules of appealability under the courtmade collateral order doctrine. Under the doctrine this type of judgment is immediately appealable on the basis that the judgment is a final disposition of a claim which is not an ingredient of the principal cause of action, is separable from the merits of the case, and does not require consideration along with the issue relative to the merits.
In the present case there is no valid reason to defer the appeal from the money judgment until a disposition, by compromise or judgment, of the merits of the case. The claim for expenses of the motion to compel is totally unrelated to and independent of the claim asserted on the merits, and disposition of either claim will have no effect whatsoever on the other claim.
Speeg, supra, at 592. Under the rationale enunciated above, it is clear that the award of attorney's fees in the present case should be and is appealable.
Similarly, that portion of the judgment appealed from ordering appellants to pay for appellee's medical care is also a collateral issue to the main litigation, in that liability for medical services and care under La.R.S. 23:1203 has no bearing on employer liability in the main demand for disability benefits. The issue in this proceeding is whether the employer furnishes "necessary" medical care for the injury complained of. On the main demand the issue is liability for the occurrence of the injury, the extent of the injury and its relation to inability to work, and unpaid medical expenses for past and future. We would point out several factors which emphasize the unrelated nature of these two separate inquiries. First, the scheme of a separate proceeding relative to liability for medical care prior to trial on the merits is expressly provided for in La.R.S. 23:1314, which states in pertinent part:
1314 Necessary allegations; support for allegations
* * * * * *
[T]he question of whether or not such allegations of nonpayment or of failure to render medical attention or failure to furnish medical reports is justified under the facts shall be determined by the court before proceeding with the hearing of the other issues involved.
Secondly, this judgment of which appellants complain is final in the sense that it is determinative of the employer's liability for medical treatment prior to final disposition of the merits of the case.
Finally, we note by way of analogy, that when an employer voluntarily furnishes medical services to the employee, La.R.S. 23:1204 specifically shields the employer from liability in the main demand by providing that this action, "shall [not] constitute an admission of liability for compensation under this Chapter."
In accordance with the reasons given above, we hold that a judgment of employer liability under La.R.S. 23:1203 is appealable. Accordingly, appellee's argument to dismiss the appeal is denied.
Turning to the merits of the appeal, appellants first argue that the trial court's *679 imposition of liability for medical expenses upon them pursuant to La.R.S. 23:1203 was in effect an adjudication of their liability in the main demand, and was an abuse of summary proceedings in that a Rule to Show Cause was substituted for trial of this matter.
Appellants' argument is simply unsupportable in light of the language in La.R.S. 23:1203. La.R.S. 1203 provides:
1203. Duty to furnish medical expenses; prosthetic devices; other expenses
In every case coming under this Chapter, the employer shall furnish all necessary medical, surgical and hospital services, and medicines, or any non-medical treatment recognized by the laws of this state as legal.
The employer likewise shall furnish to the employee the necessary cost of repair to or the replacement of any prosthetic device damaged or destroyed by accident in the course and scope and arising out of such employment, including but not limited to damage or destruction of eyeglasses, artificial limbs, hearing aids, dentures, or any such prosthetic devices whatsoever.
In addition, the employer shall be liable for the actual expenses reasonable and necessarily incurred by the employee for mileage reasonable and necessarily traveled by the employee in order to obtain the services, medicines, and prosthetic devices which the employer is required to furnish under this Section. [Emphasis supplied].
Our examination of the record convinces us also that the trial judge is not laboring under the misconception that liability for medical expenses equates to liability in the main demand. The trial judge stated in reasons orally assigned:
BY THE COURT:
The Court finds the position of the defendants in this particular case untenable. It would mean that every claim of workman's compensation would have to go to trial and prove his case before even being entitled to medical treatment.
The trial court's reasoning is sound, and our review of the record discloses that appellants' first assignment of error is without merit. Appellants presented no evidence at this Rule. Their position, as argued by counsel, was a general denial of the occurrence of the alleged accident and/or its work related nature, along with the argument discussed above that they could not be liable for medical expenses prior to an adjudication on the merits. Considering that appellants apparently had conducted no investigation of this claim, nor had they requested that appellee be examined by a doctor of their own choosing, their position has no basis in fact.
Appellants rely on the case of Hartsell v. Hooker Chemical Corporation, 266 So.2d 480 (La.App. 4th Cir.1972) as the legal authority for their position. In Hartsell, a case on closely similar facts, our brethern of the Fourth Circuit indicated their belief that the trial court must adjudge liability as a prerequisite to ordering an employer to pay for surgery under La. R.S. 23:1203. Considering both the mandatory "shall" language of La.R.S. 23:1203 and the separate proceeding for an inquiry into failure to furnish medical services authorized by La.R.S. 23:1314, as well as considering the humanitarian purposes behind the Workers Compensation Act, as expressed in Wilson v. Ebasco Services, 393 So.2d 1248 (La.1981), we decline to follow Hartsell. For an opinion more closely in accord with the views we express herein, see Kinsey v. Travelers Ins. Co., Inc., 402 So.2d 226 (La.App. 1st Cir.1981).
Appellants' second assignment of error is that the trial court erred in allowing into evidence a report from appellee's doctor in lieu of the testimony of that doctor. On this point we concur. The basic issue is whether the treatment is "necessary." A doctor's report is hearsay and cannot be used in lieu of testimony to establish the employee's need for medical services. Jones v. Ledet, 383 So.2d 1308 (La.App. 3rd Cir.1980); Hoffpauir v. Hardware Mutual Casualty Company, 192 So.2d 588 (La.App. 3rd Cir.1966). In the *680 absence of such evidence, plaintiff-appellee has failed to carry his burden of proof under La.R.S. 23:1314.
Accordingly we vacate the judgment appealed from and remand this matter to the trial court for rehearing consistent with the views expressed herein.
JUDGMENT SET ASIDE AND REMANDED.