719 So.2d 1169 (1998)
BOB'S PLUMBING AND HEATING, INC. and Business Insurance Company
v.
Frank REYNOLDS.
No. 98-CA-325.
Court of Appeal of Louisiana, Fifth Circuit.
October 14, 1998.
Rehearing Denied November 17, 1998.
Jeffrey C. Napolitano, Lawrence B. Frieman, Candy S. Fodor, Metairie, for Appellants.
Frank A. Bruno, New Orleans, for Appellee.
Before DUFRESNE and CANNELLA, JJ., and THOMAS C. WICKER, Jr., J. Pro Tem.
*1170 CANNELLA, Judge.
Defendants, Bob's Plumbing and Heating, Inc. (Bob's Plumbing) and Business Insurance Company, appeal from a preliminary judgment in a workers' compensation suit. The judgment denied defendants' Motion To Suspend Benefits for Failure to Submit to Medical Examination and held that plaintiff, Frank Reynolds, need not submit to an independent medical examination (IME) ordered by the Director of the Office of Workers' Compensation. We affirm.
Plaintiff alleges that on April 12, 1996, he dislocated his right ankle when he fell while walking down stairs carrying tools. Plaintiff contends that he was in the course and scope of his employment with Bob's Plumbing as a plumber. Plaintiff was initially seen by the company orthopedist, Dr. Robert Mimeles, who returned plaintiff to work. Plaintiff subsequently saw his own physician and was treated by Dr. Daniel Seltzer, his present doctor. As a result of the fall, in January of 1997, plaintiff underwent arthroscopy of the right ankle, which resulted in a synovectomy, chondroplasty and lysis of the adhesions in the ankle. Plaintiff reported recurrent pain with prolonged walking greater than ten minutes, stiffness and cracking. He also stated that his right foot turned black and blue with prolonged walking. Defendants then had plaintiff see their orthopedist, Dr. Robert Steiner, who examined him on July 14, 1997.
Dr. Steiner diagnosed plaintiff with a severe ligamentous injury resulting in traumatic chondromalacia (softening of the cartilage) of the ankle joint. He recommended that plaintiff return to work that would not include prolonged standing or walking for more than ten to fifteen minutes. He found that plaintiff had reached maximum medical improvement.
Dr. Steiner amended the findings in his report dated September 30, 1997, after viewing a surveillance tape of plaintiff. He concluded that plaintiff was capable of working without physical restrictions.[1] On November 17, 1997, Dr. Seltzer issued a report that plaintiff should return to work with restrictions as to lifting and carrying and stating that most of plaintiff's work should be done while seated.
Defendants subsequently sought an IME, pursuant to La. R.S. 23:1123. An appointment was made with Dr. Edmund Landry, Jr. and plaintiff was notified of the appointment on November 21, 1997. Plaintiff refused both to attend or re-schedule the appointment. As a result, defendant insurer filed a disputed claim and a Motion to Suspend Benefits For Failure To Submit To Medical Evaluation, requesting suspension of plaintiff's benefits until he appeared for the IME, pursuant to R.S. 23:1124. A hearing on the Motion was held on January 21, 1998. The parties submitted the medical reports as evidence to be considered by the workers' compensation hearing officer. No testimony was taken. The hearing officer ruled from the bench in plaintiff's favor that the only dispute between the doctors was the degree of disability, which was subjective in nature. In her written reasons, she stated that, under R.S. 23:1123, plaintiff must submit to the IME if any dispute arises as to the condition of the employee. In this case, she found that the dispute, of a subjective nature, was as to plaintiff's ability to perform his prior job, or to the degree of disability. The hearing officer noted that both doctors agreed that plaintiff's ankle injury had reached maximum medical improvement.
Defendant filed an appeal in this case. However, we determined that this is an interlocutory judgment. See: Smith v. UNR Home Products, 614 So.2d 54,55 (La. 1993). Under the 1997 amendment to La.C.C.P. art. 1915, in order for this matter to be appealable, either the parties agree or the trial judge certifies it as appealable. Since the article was not complied with, rather than dismiss the appeal, we ordered the trial judge to respond, after which we received her certification.
On appeal, defendants assert that the hearing officer erred in denying the motion and in finding that plaintiff did not have to submit to the IME. They cite R.S. 23:1123 *1171 and Workers' Compensation Utilization Rule, Section 2715(C).
La.R.S. 23:1123 provides as follows:
If any dispute arises as to the condition of the employee, the director, upon application of any party, shall order an examination of the employee to be made by a medical practitioner selected and appointed by the director. The medical examiner shall report his conclusions from the examination to the director and to the parties and such report shall be prima facie evidence of the facts therein stated in any subsequent proceedings under this Chapter.
The Workers' Compensation Utilization Rule, Section 2715(C), states:
In the event that there are opposing medical opinions regarding claimant's condition or capacity to work, the Office of Workers' Compensation Administration will appoint an independent medical examiner... to examine the claimant, or review the medical records at issue ...
If the employee refuses to submit to the IME, his benefits and his right to prosecute the proceedings in the workers' compensation court "shall be suspended until the examination takes place." La.R.S. 23:1124(A).
Here, the hearing officer reasoned that the difference of opinion between the doctors was not a dispute as to the condition of plaintiff because they agree that plaintiff suffered the ankle injury and that plaintiff has reached maximum medical improvement. She found that the disagreement was subjective in nature, "regarding the defendant/employee's ability to perform his prior job or other employment." We agree.
Accordingly, the judgment denying the Motion to Suspend Benefits For Failure To Submit To Medical Evaluation is hereby affirmed.
Costs of this appeal are to be paid by defendants.
JUDGMENT AFFIRMED.
NOTES
[1] The tape was not submitted as evidence in this matter.