798 So.2d 1085 (2001)
Ametris McCRARY
v.
NEW ORLEANS HEALTH CORP.
No. 2001-C-1632.
Court of Appeal of Louisiana, Fourth Circuit.
September 26, 2001.
*1086 Wayne J. Fontana, John Moseley Daves, Courtenay, Forstall, Hunter & Fontana, New Orleans, Counsel for Relator.
(Court composed of Judge MIRIAM G. WALTZER, Judge PATRICIA RIVET MURRAY and Judge MAX N. TOBIAS, Jr.).
Judge MIRIAM G. WALTZER.

STATEMENT OF THE CASE
Respondent, Ametris McCrary, filed suit against New Orleans Health Corporation (NOHC) for back injuries sustained while employed by NOHC. Respondent sought authorization for a discogram and CT scan, which the worker's compensation judge granted. NOHC seeks supervisory review, contending that the judge erred in granting the motion to compel because respondent failed to establish by a preponderance of the evidence that the requested tests were necessary. Relator also unsuccessfully sought designation of the order as a final judgment for immediate appeal. Relator contends failure to designate was error. After the judge granted respondent's motion to compel, relator made an oral motion at the hearing for an independent medical examiner to be appointed pursuant to La. R.S. 23:1123 to resolve the conflict over whether the tests should be performed, which the judge denied. Relator contends the judge's decision was error.

*1087 STATEMENT OF FACTS
In support of its motion to compel, respondent submitted the deposition testimony of the treating physician recommending that the tests be performed in order to determine whether respondent was a candidate for surgery in light of her continuing complaints of pain. Relator/employer submitted the opinion of its physician, Dr. Gordon Nutik, that he would not recommend a discogram. The doctor wrote, "I do not recommend a discogram on this patient. The discogram relies on the subjective complaints and I would have difficulty interpreting that test related to the inconsistencies seen at the time that I examined this patient on April 12, 1999. I did not feel that further CT scanning of the lumbar was indicted based on the normal findings of the MRI."

ANALYSIS OF RELATOR'S ARGUMENTS

The judge erred in refusing to allow an immediate appeal.
In Butler v. Overnite Transp. Co., Inc., 444 So.2d 676 (La.App. 5 Cir. 1984), the court held that a judgment of employer liability for medical services under La. R.S. 23:1123 is an immediately appealable issue. The court reasoned that liability for medical services and care under La. R.S. 23:1203 has no bearing on employer liability in the main demand for disability benefits saying, "The issue in this proceeding is whether the employer furnishes `necessary' medical care for the injury complained of. On the main demand the issue is liability for the occurrence of the injury, the extent of the injury and its relation to inability to work, and unpaid medical expenses for past and future." Butler, supra at 678. The court also noted that such a judgment is final in the sense that it is determinative of the employer's liability for medical treatment prior to final disposition of the merits of the case. The court concluded that a judgment ordering an employer to pay for an employee's medical care is neither a partial final judgment nor is it truly an interlocutory judgment because it does not really decide a preliminary matter in the course of the action but a collateral issue to the main litigation. The court analogized the issue to the determination by this court in Speeg v. Stewart Title Guaranty, 377 So.2d 589 (La.App. 4 Cir.1979) that an award of attorney's fees and costs arising from a motion to compel discovery is appealable. Because the judgment did not fit precisely into the procedural articles relating to appealable judgments, the Speeg court adopted the federal procedure for handling "collateral orders" which are "too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Speeg at 592, citing Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).
Although the court's analysis regarding the nature of a judgment pursuant to La. R.S. 23:1123 is reasonable, that decision concerned the employer's liability for the entirety of the employees medical treatment. Accordingly, the issue could well be "too important to be denied review" under the particular facts of the case. However, this case concerns no more than the need for additional tests. Accordingly, we do not interpret the Fifth's Circuit's opinion in Butler as a blanket determination that a judgment under La. R.S. 23:1203 is an appealable issue.
In Dixon v. B.W. Farrell, Inc., 97-2586 (La.App. 1 Cir. 6/29/98), 713 So.2d 1255, the trial court ordered additional testing relative to the plaintiff's functional capacity and the defendant appealed. The First Circuit held that such a judgment was not immediately appealable, as it would not *1088 cause irreparable injury pursuant to La. C.C.P. art. 2083. The court rejected the defendant's contention that the judgment was appealable within the scheme of Louisiana Workers' Compensation Act as an appealable award of medical expenses because it would cause irreparable injury to the defendant. Dixon at p. 4, 713 So.2d at 1256. The court concluded that once a final determination has been rendered the defendant may appeal and challenge the assessment of its cost.
Here, relator contends that without an appeal the issue will become moot because the expenses will have been borne by relator and reimbursement will be barred by equity issues. Relator presented no evidence as to the magnitude of the actual costs that will be incurred or even whether they would exceed the cost of bringing this action. We find that relator has failed to show irreparable injury.
The Dixon court also rejected defendant's request to exercise its supervisory review for non-appealable interlocutory rulings as the ruling failed to meet the criteria of Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981). That is, when there is no factual dispute and a reversal of an interlocutory judgment would terminate the litigation, an application for supervisory writs from an interlocutory judgment should be granted if it appears from a consideration of the merits of the application that the ruling complained of may be wrong.
Dixon presents the more persuasive authority. The authorization to conduct additional tests should not be immediately appealable. Furthermore, this court should decline to exercise its supervisory jurisdiction because relator has an adequate remedy on appeal.

Merits
La. R.S. 23:1203 provides in pertinent part as follows:
A. In every case coming under this Chapter, the employer shall furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal, ...
Costs of medically necessary diagnostic tests recommended by one's treating physician are recoverable when needed in order to determine the proper treatment for the patient. Dumas v. Hartford Ins. Co., 583 So.2d 31 (La.App. 4th Cir. 1991); LeDoux v. Robinson, 568 So.2d 244 (La.App. 3rd Cir.1990).
When a dispute exists as to the need for such tests the burden rests on the plaintiff to prove by a preponderance of the evidence that the required tests are necessary. Dumas, supra; Stelly v. United Parcel Service, 600 So.2d 156 (La.App. 4th Cir.1992); Whittington v. Rimcor, Inc., 601 So.2d 324 (La.App. 2nd Cir.1992); Butler v. Overnite Transport Co., Inc., supra.
A trial court's assessment of the necessity of medical treatment pursuant to La. R.S. 23:1203(A) is a factual determination subject to the manifest error standard of review. Ramogasse v. Lafitte Welding Works, 93-682, p. 2 (La. App 5 Cir. 12/13/95), 666 So.2d 1176, 1178.
The only evidence presented by respondent was a rather general statement by his physician that the tests were needed in order to reach a decision on the need for surgery. The doctor failed to articulate how the tests would provide information that would lead to a more accurate diagnosis than that obtained by the MRI. However, the opinion of the employer's *1089 physician, Dr. Nutik, appears directed more to his ability to assess the results of the discogram than to the capability of the test to provide a more definitive diagnosis. Furthermore, Dr. Nutik's opinion that "further scanning of the lumbar was not indicated based on the normal findings of the MRI," was unsupported. In sum, neither party presented overwhelming evidence for the trial court's review in this regard. Because the trial court is entitled to accord greater weight to the testimony a treating physician, McDonald v. New Orleans Private Patrol, 569 So.2d 106 (La. App. 4 Cir.1990), we cannot say that the court abused its discretion, or was clearly wrong.

The court erred by refusing to appoint an Independent Medical Examiner:
Relator contends the worker's compensation judge erred in denying relator's oral application that an independent medical examiner be appointed pursuant to La. R.S. 23:1123 which provides:
If any dispute arises as to the condition of the employee, the director, upon application of any party, shall order an examination of the employee to be made by a medical practitioner selected and appointed by the director. The medical examiner shall report his conclusions from the examination to the director and to the parties and such report shall be prima facie evidence of the facts therein stated in any subsequent proceedings under this Chapter.
Relator contends that an independent medical examiner was required in order to resolve the conflict over whether the requested tests should be performed. However La. R.S. 23:1123 provides that only in the event of a dispute as to the employee's condition can either party make the application. Here, the dispute involves the necessity of additional testing whose outcome could further determine the medical condition of the employee. Relator has not suggested that a dispute between the two doctors exists as to the condition of the employee. It does not appear that the treating physician has stated that surgery is indicated, only that further tests are recommended in order to arrive at the correct course of treatment. Relator has not provided Dr. Nutik's opinion as to the employee's condition.
In Bob's Plumbing and Heating, Inc. v. Reynolds, 98-325 (La.App. 5 Cir. 10/14/98), 719 So.2d 1169, a conflict between the physicians existed as to the plaintiff's ability to perform his prior job or other employment. The court determined that La. R.S. 23:1123 was not applicable because there was no dispute that the plaintiff had suffered an ankle injury and that he had reached maximum medical improvement.
Because relator does not suggest that a dispute exists as to the medical condition of the employee, the judge was correct in denying the motion to appoint an independent medical examiner. Furthermore, because relator has failed to establish irreparable injury should the tests be conducted, we decline to exercise our supervisory jurisdiction as to this issue.

CONCLUSION
For the foregoing reasons, we deny relator's application for supervisory relief.
WRIT DENIED.