1SAUNDERS, Judge.
This is a supervisory review of the denial of plaintiffs, Karen Vanderberg’s, motion to exclude an independent medical examination (IME) from evidence and consideration by the workers’ compensation judge (WCJ). In this case, Ms. Vander-berg submitted to an IME and subsequently filed a motion to exclude the report from consideration at trial. After the WCJ denied Ms. Vanderberg’s motion, she applied for supervisory jurisdiction over the WCJ’s decision. That writ was subsequently granted by this court.

FACTS AND PROCEDURAL BACKGROUND

On August 10, 1997, Ms. Vanderberg was injured on the job while she was employed with Atlantic Southeast Airlines (ASA). Subsequent to her injury, she was examined by both Dr. Carl Goodman and Dr. Vanda Davidson. Apparently, there was a conflict in diagnosis between Drs. Goodman and Davidson, wherein Dr. Goodman released Ms. Vanderberg to light work and Dr. Davidson released her to sedentary work. Thus, Wausau Insurance Co., ASA’s insurer, issued a letter to the Office of Workers’ Compensation (OWC) requesting that a state IME be ordered. Pursuant to the request for an IME, the OWC appointed Dr. Randall Lea to conduct the examination and to address issues regarding the plaintiffs work level release. Dr. Lea examined Ms. Vanderberg and issued a report discussing his findings and recommendations on January 14, 1999. Ms. Vanderberg contends that Dr. Lea addressed matters outside the scope of what was requested by the OWC, including a diagnosis on her, the relationship of the diagnosis to the accident in question, recommendations regarding any need for further treatment, Ms. Vanderberg’s impairment rating, and her maximum medical improvement (MMI) date.
ROn February 7, 2002, Ms. Vanderberg filed a motion to exclude the IME from evidence and consideration. On March 21, 2002, following a hearing, the WCJ denied the motion and stayed the proceeding to allow Ms. Vanderberg the opportunity to *1069 seek a Writ for Supervisory Jurisdiction. This Court granted the writ on April 19, 2002.

LAW AND ANALYSIS

In her only assignment of error, Ms. Vanderberg asserts that the trial court abused its discretion when refusing to exclude the disputed. IME report of Dr. Lea from evidence and consideration. Ms. Vanderberg contends that ordering the IME was not proper under La. R.S. 23:1123 which provides guidelines for authorizing state IMEs. Appellate courts are required to review the findings of the WJC’s in workers’ compensation cases using the manifest error, clearly wrong standard that precludes the setting aside of the hearing officer’s findings unless they are clearly wrong when viewed in fight of the entire record. Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94), 630 So.2d 706. For the following reasons, we find that this assignment of error is without merit and that the WCJ did not abuse his discretion in failing to exclude the IME report from evidence and consideration.
Louisiana Revised Statute 23:1123, authorizing IMEs, states:
If any dispute arises as to the condition of the employee, the director, upon application of any party, shall order an examination of the employee to be made by a medical practitioner selected and appointed by the director. The medical examiner shall report his conclusions from the examination to the director and to the parties and such report shall be prima facie evidence of the fact therein stated in any subsequent proceedings under this Chapter.
Ms. Vanderberg contends that there is no dispute as to her condition, but only a dispute as to whether or not she should be released to sedentary duty or fight duty. | sAlso, Ms. Vanderberg contends that jurisprudence has held that this difference of opinion does not create a dispute as to the condition of the claimant that would necessitate an IME. She cites Bob’s Plumbing & Heating, Inc. v. Reynolds, 98-325 (La.App. 5 Cir. 10/14/98); 719 So.2d 1169, writ denied, 98-2978 (La.1/29/99); 736 So.2d 836, which held that an IME was improper where there was no dispute as to the condition of the claimant. The court ruled that the difference of opinion between the doctors was not a dispute as to the condition of plaintiff because they agreed that the claimant suffered an injury and had reached MMI. Id. The court held that the disagreement regarding the defendant/employee’s ability to perform his prior job or other employment was subjective in nature; thus, the claimant was not required by law to submit to an IME. Id.
Although Bob’s Plumbing & Heating, Inc. does share a similar fact pattern with the case at bar, there is one significant difference. In Bob’s Plumbing & Heating, Inc., the claimant refused to submit to the IME. In contrast, Ms. Vanderberg submitted to the IME and now, three years later, asserts that ordering the IME was improper, making the report of Dr. Lea inad-missable. Because Ms. Vanderberg voluntarily submitted to the IME, she cannot assert now that it was not warranted. The workers’ compensation law provides the opportunity for judicial review of an order issued by the director for an IME. See La. R.S. 23:1317.1(F). Ms. Vanderberg failed to object to the IME at the appropriate time. The fact that, initially, Ms. Vander-berg may have been justified in refusing to attend the IME is now irrelevant. Thus, the issue in this case is not whether Ms. Vanderberg could have refused the IME under the law, but whether this IME is admissible evidence.
*1070 In a workers’ compensation case, the rules of evidence are flexible and less Dstringent, and WCJs are not strictly-bound by the technical rules of evidence. La. R.S. 23:1317(A). The applicable statute only requires that all findings of fact be based upon “competent evidence.” Id. The IME in this case is competent evidence because the OWC appointed a neutral examiner to conduct the IME. Once the doctor has examined a person and formed an opinion, that opinion is admissible and relevant evidence. We find no legal basis for excluding this evidence prepared by an IME who evaluated Ms. Van-derberg pursuant to a statutory scheme designed to expedite the resolution of medical issues affecting the rights of parties in the workers’ compensation process.
Further, in Ms. Vanderberg’s reply brief, she asserts that she suffered an “obvious disadvantage” at the time of the examination because she was not represented by counsel and would not have attended the IME if she had been well-versed in workers’ compensation law. Even if Ms. Vanderberg had the benefit of counsel and had been well-versed in workers’ compensation law, there is nothing to suggest that, at the time of the IME, it would have been a tactical decision not to attend when Ms. Vanderberg had no reason to believe that an independent examination would harm her case. As stated above, we find that the OWC in this case appointed a neutral and independent examiner providing competent evidence subject to cross examination by Ms. Vander-berg. For that reason, the IME report prepared by Dr. Lea is competent and admissible evidence.
Accordingly, we find that WCJ did not abuse his discretion by refusing to exclude this IME report from evidence and consideration.

\ ¡DECREE

For the above reasons, the writ is denied.
WRIT DENIED.
PICKETT, J., concurs in the result.