J^MICHAEL E. KIRBY, Judge.
Relator seeks review of the workers’ compensation judge’s denial of her motion for an order allowing relator to be evaluated and treated by a neurosurgeon of her choice with costs of said evaluation and treatment to be incurred by her employer, respondent, Memorial Medical Center. After reviewing the writ application and opposition thereto, we find the worker’s compensation judge did not err in denying relator’s motion.
On May 26, 2000, while helping a patient pull up in bed, relator incurred an injury to her back. Dr. Chad W. Millet diagnosed relator with an acute lumbar strain and mild degenerative changes of the lumbar spine. She was referred to physical therapy and subsequently advised that she could return to work without restriction.
Relator alleges that her condition deteriorated, and in November 2000, she elected Dr. Courtney Russo, an orthopedic surgeon, as her choice of treating physician. An initial MRI revealed a herniated disk at L5-S1. Dr. Millet indicated at that time that if relator’s pain failed to subside, surgery could be required. In February 2001, relator became pregnant and was unable to take any medication. Subsequently, Dr. Russo prescribed epidural steroid injections. By July 17, 2002, | ?relator’s complaints of pain had increased, and she showed no signs of improvement. Dr. Russo recommended a repeat MRI. Relator had received three epidural steroid injections by this time. The MRI revealed a herniated disc at the L5-S1 level and a small bulge at the L4-L5 level. Dr. Russo’s recommendation as of September 10, 2002, was to continue the steroid injections. He did not recommend surgery at that time.
In November 2001, Dr. Russo referred relator to Dr. Patrick Waring, a pain management specialist, and relator began seeing him on a regular basis. Dr. Waring performed the epidural injections.
A report by Dr. Waring, dated November 21, 2002, notes that relator had “voiced strong opposition to surgical approaches to treat her low back pain.” Relator was also adverse to any diagnostic procedure that might temporarily increase her pain or discomfort. Additionally, by December of 2002, both Dr. Russo and Dr. Waring had recommended that relator undergo a psychological examination.
On December 31, 2002, relator filed a motion seeking an order allowing her to be evaluated and treated by a neurosurgeon of her choice with costs of said evaluation and treatment to be incurred by her employer. In denying the motion, the worker’s compensation judge stated, “Claimant does not have any doctor referring her to a neurosurgeon and more specifically, claim *23 ant’s own choice of orthopedist Dr. Russo does not refer her to a neurosurgeon.”
In McCrary v. New Orleans Health Corp., 2001-1632 (La.App. 4 Cir. 9/26/01), 798 So.2d 1085, this court reviewed the relevant jurisprudence as follows:
La. R.S. 23:1203 provides in pertinent part as follows:
|SA. In every case coming under this Chapter, the employer shall furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any non-medical treatment recognized by the laws of this state as legal, ...
Costs of medically necessary diagnostic tests recommended by one’s treating physician are recoverable when needed in order to determine the proper treatment for the patient. Dumas v. Hartford Ins. Co., 583 So.2d 31 (La.App. 4th Cir.1991); LeDoux v. Robinson, 568 So.2d 244 (La.App. 3rd Cir.1990).
When a dispute exists as to the need for such tests the burden rests on the plaintiff to prove by a preponderance of the evidence that the required tests are necessary. Dumas, supra; Stelly v. United Parcel Service, 600 So.2d 156 (La.App. 4th Cir.1992); Whittington v. Rimcor, Inc., 601 So.2d 324 (La.App. 2nd Cir.1992); Butler v. Overnite Transport Co., Inc., supra, [444 So.2d 676 (1984)].
A trial court’s assessment of the necessity of medical treatment pursuant to La. R.S. 23:1203(A) is a factual determination subject to the manifest error standard of review. Ramogasse v. Lafitte Welding Works, 93-682, p. 2 (La. App 5 Cir. 12/13/95), 666 So.2d 1176, 1178.
Id, 2001-1632, p. 4, 798 So.2d at 1088.
Additionally, La. R.S. 23:1121(B) provides in pertinent part:
The employee shall have the right to select one treating physician in any field or specialty. The employee shall have a right to the type of summary proceeding provided for in R.S. 23:1124(B), when denied his right to an initial physician of choice. After his initial choice the employee shall obtain prior consent from the employer or his workers’ compensation carrier for a change of treating physician within that same field or specialty. The employee, however, is not required to obtain approval for change to a treating physician in another field or specialty.
Relator contends that her “right to select one treating physician in any field or specialty” includes the right to obtain a treating physician in more than one field Lor specialty. Clearly, this is a strained interpretation of the rule that is not anticipated by the statute. The statute’s subsequent statement that prior consent is not necessary to change “to a treating physician in another field or specialty” demonstrates that § 1121 does not invest the worker’s compensation claimant with the right to multiple treating physicians.
Relator’s motion was properly considered by the worker’s compensation judge as a request for additional testing pursuant to § 1203. In that regard, relator failed to carry her burden as neither her treating physician, nor Dr. Millet, nor Dr. Waring, recommended referring her to a neurosurgeon. Relator contends that Dr. Millet’s opinion that if relator’s pain failed to subside surgery might be required is a sufficient indication that a referral to a neurosurgeon was necessary. The difficulty with relator’s position is that there is no indication that she ever suggested to any of the physicians who were treating her that she felt she might need to see a neurosurgeon. In fact, relator told Dr. *24 Waring that she was strongly opposed to any surgical approach for her back pain. Finally, if relator felt that she could more properly be treated by a neurosurgeon than an orthopedist, she would be entitled to change her treating physician to one in another specialty. However, this is not what relator seeks. The workers’ compensation judge properly denied relator’s motion.
WRIT GRANTED; RELIEF DENIED; JUDGMENT AFFIRMED