| .WALTER J. ROTHSCHILD, Judge
The defendant, Christine Carroll, alleges that she sustained injuries, primarily to her neck and back, in an automobile accident on October 19, 2000, while in the course and scope of her employment as a delivery driver for Carquest of Kenner. Ms. Carroll has received worker’s compensation benefits since the date of the accident.
Following the accident, Ms. Carroll saw Dr. John Watermeier, an orthopedist who had previously treated her, and his records indicate that she continued to treat with him until at least July 3, 2002[1]. She was also examined by Dr. J. Monroe Laborde on August 7, 2001, at the request of her employer, Carquest. Dr. Watermeier’s medical reports indicate that he believes that Ms. Carroll is temporarily totally disabled and cannot return to work. However, Dr. Laborde’s reports indicate that he did not find any objective evidence of injury and that he believes she can return to work.
Carquest requested that the Director of the Louisiana Department of Labor appoint an Independent Medical Examiner, pursuant to LSA-R.S. 23:1123, to examine Ms. Carroll. The Director appointed Dr. Claude Williams, and an appointment for the examination was set for July 17, 2002. *2 The Louisiana ^Department of Labor sent a letter to Ms. Carroll notifying her of the date of the appointment, but Ms. Carroll did not appear for the examination.
On December 13, 2002, Carquest filed a disputed claim and a Motion to Compel Medical Examination, seeking an order compelling Ms. Carroll to attend the Independent Medical Examination (IME) and requesting a suspension of her worker’s compensation benefits from the date she initially failed to appear for the appointment with Dr. Williams. A hearing was held on January 8, 2003, and the court took the matter under advisement. On January 15, 2003, the worker’s compensation judge rendered a judgment denying Carquest’s Motion to Compel Medical Examination and dismissing Carquest’s worker’s compensation claim with prejudice. It is from this judgment that the plaintiff, Carquest, appeals.

DISCUSSION

On appeal, Carquest argues that the worker’s compensation judge “committed legal error in finding that plaintiff/employer is not entitled to compel a Louisiana Department of Labor Independent Medical Examination when there was a dispute between employee’s treating orthopedist and a second medical opinion doctor regarding employee’s return to work status.” Ms. Carroll, on the other hand, asserts that an IME is not authorized because “[t]here is no dispute about Ms. Carroll’s physical condition — an objective fact — only about her fitness to return to work — a matter of characterization of the data.”
LSA-R.S. 23:1123 provides:
If any dispute arises as to the condition of the employee, the director, upon application of any party, shall order an examination of the employee to be made by a medical practitioner selected and appointed by the director. The medical examiner shall report his conclusions from the examination to the director and to the parties and such report shall be prima facie evidence of the facts therein stated in any subsequent proceedings under this Chapter.
|4The worker’s compensation judge issued written reasons for judgment in which he stated that the jurisprudence interpreting LSA-R.S. 23:1123 supports his finding that Ms. Carroll was not required to submit to an IME. The worker’s compensation judge cited Bob’s Plumbing and Heating, Inc. v. Reynolds, 98-325 (La.App. 5 Cir. 10/14/98), 719 So.2d 1169, writ denied, 98-2978 (La.1/29/99), 736 So.2d 836, and McCrary v. New Orleans Health Corp., 01-1632 (La.App. 4 Cir. 9/26/01), 798 So.2d 1085. The defendant, Ms. Carroll, relies on these cases as well and asserts that they are on point with the facts of the present case. However, we find that the facts of those cases are distinguishable from the instant case.
In Bob’s Plumbing and Heating, Inc. v. Reynolds, supra, this Court affirmed the denial of the defendant’s Motion to Suspend Benefits for Failure to Submit to Medical Evaluation. This Court agreed with the finding of the worker’s compensation judge that’the plaintiff was not required to submit to an IME because “the difference of opinion between the doctors was not a dispute as to the condition of plaintiff because they agree that plaintiff suffered the ankle injury and that plaintiff has reached maximum medical improvement,” and the disagreement was subjective in nature regarding whether or not the plaintiff could return to his prior employment or other employment. (Emphasis added).
In the present case, the doctors do not agree about the defendant’s condition or medical status. Dr. Watermeier believes that Ms. Carroll is temporarily totally dis *3 abled and that there is objective evidence of her injuries. Dr. Laborde opined that Ms. Carroll is at maximum medical improvement and that there are no objective signs of injury.
The case of McCrary v. New Orleans Health Corp., supra, is also distinguishable, because the employer sought an IME in order to resolve a conflict over whether additional testing should be performed. The employer did not |Rsuggest that a dispute between the doctors existed as to the condition of the employee. The Fourth Circuit affirmed the denial of the employer’s application for an IME stating, “[b]e-cause relator does not suggest that a dispute exists as to the medical condition of the employee, the judge was correct in denying the motion to appoint an independent medical examiner.” McCrary, supra at 1089.
In the present case, unlike McCrary, Carquest does contend that there is a dispute between the doctors as to the medical condition of Ms. Carroll, and the medical reports support this contention. Therefore, we find that the Court’s ruling in McCrary is inapplicable to this case.
The medical reports from Dr. Watermeier indicate that he has observed objective signs of injury. Furthermore, in each report from the date of the accident through the last report admitted into evidence, Dr. Watermeier declared Ms. Carroll’s disability status to be “Total Temporary.” These reports and Dr. Laborde’s records clearly indicate that the two doctors did not agree on the medical condition of Ms. Carroll. In a letter/report dated August 13, 2001, Dr. Laborde indicated that he did not see any objective evidence of injury from the October of 2000 automobile accident. In a letter dated October 10, 2001, Dr. Laborde stated that he reviewed an MRI of Ms. Carroll’s lumbar spine, and “[tjhere is no objective evidence of injury, no neural compression and no indication for surgery.” In Dr. Laborde’s letter dated May 22, 2002, he wrote that, “the patient has reached maximum medical improvement and is physically capable of returning to work as a delivery driver.” This is clearly a situation where there is a dispute between doctors as to the medical condition of the employee, to which LSA-R.S. 23:1123 applies.
We further note that Section 2715(C) of the Worker’s Compensation Administration’s Utilization Review Procedures states in part:
In the event that there are opposing medical opinions 1 (¡regarding claimant’s condition or capacity to work, the Office of Workers’ Compensation Administration will appoint an independent medical examiner of the appropriate li-censure class to examine the claimant, or review the medical records at issue in accordance to LA R.S. 23:1123. (Emphasis added.)
Not only is there an issue as to Ms. Carroll’s condition in this case, but there is also dispute between the doctors as to her capacity to work. Dr. Laborde believes she is capable of returning to work as a delivery driver, whereas Dr. Watermeier believes that she is still temporarily totally disabled.
Considering the caselaw, the applicable statutes, and the evidence in this matter, we find that the there is indeed a dispute over the medical condition of Ms. Carroll which requires her to submit to an IME, pursuant to LSA-R.S. 23:1123. Accordingly, we find that the worker’s compensation judge erred when he denied the plaintiffs Motion to Compel Independent Medical Examination and dismissed the plaintiffs worker’s compensation claim.

*4
DECREE

Considering the foregoing, we reverse the judgment of the worker’s compensation judge and order the defendant to submit to an IME. We remand the matter for farther proceedings consistent with this opinion.

REVERSED AND REMANDED.

. The last medical report from Dr. Watermeier that was admitted into evidence is dated July 3, 2002.