|! KIRBY, J.
WRIT GRANTED; JUDGMENT REVERSED.
The plaintiff, Ametris McCrary, seeks review of the workers’ compensation judge’s ruling granting the defendant’s motion to compel an independent medical examination.
| ¡/The plaintiff had been injured in a work related incident and sought medical treatment from Dr. Watermeier. After more than four years of treatment, Dr. Watermeier discharged the plaintiff and referred her to a pain management specialist. Defendant’s expert, Dr. Nutik, disagreed with Dr. Watermeier’s determination that the plaintiff needed pain management. The plaintiff filed a disputed claim for compensation alleging that the defendant was denying medical treatment in the form of pain management. The Office of Workers’ Compensation concluded that a medical dispute existed between Dr. Watermeier and Dr. Nutik, and scheduled the plaintiff for an IME with- Dr. Moss on March 11, 2004. On February 19, 2004, the plaintiff filed another Form 1008, opposing the IME on the basis that the exam was not being requested because of a dispute over “condition” as required by La. R.S. 23:1123. The defendant then filed a motion to compel the independent medical examination. The workers’ compensation judge conducted a hearing on the motion and rendered judgment on Au *594 gust 16, 2004, granting the motion to compel.

DISCUSSION

The plaintiff claims that the workers’ compensation judge erred when he granted the defendant’s motion to compel. The plaintiff argues that since her medical condition was not being disputed, the defendant had no right to request another independent medical examination. The plaintiff relies upon this Court’s ruling on another issue in this case, McCrary v. New Orleans Health Corp., 01-1632 (La.App. 4 Cir. 9/26/01), 798 So.2d 1085 and a case from the Fifth Circuit Court of Appeals, Bob’s Plumbing and Heating, Inc. v. Reynolds, 98-0325 (La.App. 5 Cir. 10/14/98), 719 So.2d 1169.
| ¡¡This Court stated in McCrary, p. 5, 798 So.2d at 1089:
Relator contends the worker’s [sic] compensation judge erred in denying relator’s oral application that an independent medical examiner be appointed pursuant to La. R.S. 23:1123 which provides:
If any dispute arises as to the condition of the employee, the director, upon application of any party, shall order an examination of the employee to be made by a medical practitioner selected and appointed by the director. The medical examiner shall report his conclusions from the examination to the director and to the parties and such report shall be prima facie evidence of the facts therein stated in any subsequent proceedings under this Chapter.
Relator contends that an independent medical examiner was required in order to resolve the conflict over whether the requested tests should be performed. However La. R.S. 23:1123 provides that only in the event of a dispute as to the employee’s condition can either party make the application. Here, the dispute involves the necessity of additional testing whose outcome could further determine the medical condition of the employee. Relator has not suggested that a dispute between the two doctors exists as to the condition of the employee. It . does not appear that the treating physician has stated that surgery is indicated, only that further tests are recommended in order to arrive at the correct course of treatment. Relator has not provided Dr. Nutik’s opinion as to the employee’s condition.
In Bob’s Plumbing and Heating, Inc. v. Reynolds, 98-325 (La.App. 5 Cir. 10/14/98), 719 So.2d 1169, a conflict between the physicians existed as to the plaintiffs ability to perform his prior job or other employment. The court determined that La. R.S. 23:1123 was not applicable because there was no dispute that the plaintiff had suffered an ankle injury and that he had reached maximum medical improvement.
Because relator does not suggest that a dispute exists as to the medical condition of the employee, the judge was correct in denying the motion to appoint an independent medical examiner.
| Jn the present matter, both Dr. Water-meier and Dr. Nutik agree that the plaintiff has reached her maximum recovery. Dr. Watermeier stated in his report of April 14, 2003 that plaintiffs chronic pain is unchanging and her prognosis for full recovery is poor. He noted that her disability status is light work and discharged her with instructions to follow up with pain management services. Dr. Nutik examined the plaintiff on January 5, 2004. He noted in his report that she “should have reached a point of maximum improvement concerning a low back strain related to an incident in November of 1998” and “felt that she would be restricted to a light level of physical functioning based on the combi *595 nation of the clinical findings and results of the functional capacity evaluation.” Dr. Nutik issued another report on January 29, 2004, in which he stated that he did not believe that pain management was indicated for the plaintiff. He also stated that it was his opinion “there are no objective findings to indicate evidence of disability about this patient’s low back.” Such a statement directly conflicts with Dr. Nu-tik’s statement in his earlier report that the plaintiff was restricted to “light level of physical functioning based on the combination of the clinical findings and results of the functional capacity evaluation.”
There appears to be no conflict as to the plaintiffs basic condition. Both physicians indicate that the plaintiff has reached maximum improvement and can handle only a “light level of physical functioning.” The issue then becomes whether the need for pain management is considered part of the plaintiffs condition or is it considered treatment. In light of McCrary and Bob’s Plumbing, it appears that the need for pain management is not part of plaintiffs condition but is part of a treatment plan for plaintiff. The statute allows an independent medical examination only when there is a dispute as to the plaintiffs condition. The | Sphysical functioning based on the combination of the clinical findings and results of the functional capacity evaluation.”
There appears to be no conflict as to the plaintiffs basic condition. Both physicians indicate that the plaintiff has reached maximum- improvement and can handle only a “light level of physical functioning.” The issue then becomes whether the need for pain management is considered part of the plaintiffs condition or it is considered treatment. In light of McCrary and Bob’s Plumbing, it appears that the need for pain management is not part of plaintiffs condition but is part of a treatment plan for plaintiff. The statute allows an independent medical examination only when there is a dispute as to the plaintiffs condition. The medical reports presented reveal that there is no dispute about plaintiffs condition. Both physicians have concluded that the plaintiff reached maximum improvement and can handle only light duty work. They disagreed on a treatment plan, i.e., the need for pain management, for the plaintiff.
Thus, the workers compensation court erred when it granted the defendant’s motion to compel. Accordingly, we grant the plaintiffs writ application and reverse the judgment.