PEATROSS, J.
 

 kin this workers’ compensation case, the employer, Christus-Schumpert, submitted an application to the Department of Labor for the appointment of an independent medical examiner (IME) on the grounds that there was a dispute as to the medical condition of the claimant, Debra D. Herrin. After the application for the IME was denied, Christus-Schumpert filed a 1008 Disputed Claim for Compensation with the workers’ compensation judge (WCJ) seeking reversal of the rejection of the IME request and the appointment of an IME. The WCJ denied the request and, on March 24, 2009, set forth in his written reasons that Christus-Schumpert failed to make a sufficient showing that it was entitled to the appointment of an IME. Chris-tus-Schumpert now appeals. For the reasons stated herein, we reverse and remand for further proceedings.
 

 FACTS
 

 Ms. Herrin allegedly became injured on March 12, 2003, as a result of falling while attempting to enter an elevator on the first floor of St. Mary Campus of Christus-Schumpert. At the time, Ms. Herrin was employed as a speech therapist for Chris-tus-Schumpert. Ms. Herrin went through a lengthy period of treatment and attempted diagnoses by several different physicians. She was ultimately diagnosed by her long-time treating physician, Dr. John Ferrell, with lumbar disc problems and sacroiliac (S/I) joint dysfunction. Dr. Ferrell also determined that Ms. Herrin was unable to continue working as a result of her injuries. Ms. Herrin has not worked since July 9, 2003.
 

 | {¡Ms. Herrin underwent two functional capacity examinations (FCE) in March and May 2004. The results of the FCEs were in conflict as to Ms. Herrin’s ability to return to work. At Christus-Schumpert’s request, Dr. Ferrell completed a follow-up examination and report of Ms. Herrin’s condition on August 22, 2006, wherein he concluded that she was disabled and unable to return to work for any gainful employment. Dr. Ferrell also found that Ms. Herrin needed continuing treatment, including Lortab and Darvocet, as well as physical therapy.
 

 On October 16, 2006, Ms. Herrin was declared to be disabled by an ALJ of the Social Security Administration, who concluded that Ms. Herrin had “less than sedentary work capacity” and was “unable to perform any of her past relevant work.”
 

 In 2007, Christus-Schumpert sought a physician to provide a second medical opinion regarding Ms. Herrin’s condition and ability to return to work. Ultimately, Dr. Milam Mody agreed to examine and report on Ms. Herrin’s condition on January 3, 2008. Dr. Mody concluded that Ms. Her-rin suffered from chronic low back pain, right buttock pain, leg pain and an L4-5 anular tear with mild neuro-foraminal stenosis. Dr. Mody recommended that
 
 *1169
 
 Ms. Herrin do home exercises, cold therapy and Alpha and E-stem therapy. Additionally, Dr. Mody suggested that Ms. Herrin wean herself off of the narcotic medication she was taking, including Lor-tab and Darvocet.
 

 As previously stated, on receipt of Dr. Mody’s report, Christus-Schumpert applied for a state-ordered IME, which was subsequently | .¡rejected by the Department of Labor. Christus-Schumpert then filed a 1008 Disputed Claim for Compensation with the WCJ seeking reversal of the rejection of the IME request and the appointment of an IME. Finding that Chris-tus-Schumpert failed to make a sufficient showing that it was entitled to the appointment of an IME, the WCJ denied the request on the grounds that Ms. Herrin’s medical history clearly supported Dr. Ferrell’s finding of disability from a fall that resulted in a “very painful and debilitating sacroiliac joint subluxation.” In support of his ruling, the WCJ pointed to Dr. Ferrell’s frequent and long-term treatment of Ms. Herrin, along with the consistency of her complaints of pain.
 

 Christus-Schumpert now appeals.
 

 DISCUSSION
 

 On review,
 
 [1]
 
 an appellate court may not set aside the findings of fact by the trial court unless those findings are clearly wrong or manifestly erroneous.
 
 Smith v. Louisiana Dept. of Corrections,
 
 93-1305 (La.2/28/94), 633 So.2d 129;
 
 Stobart v. State through Dept. of Transp. and Development,
 
 617 So.2d 880 (La.1993);
 
 Rosell v. ESCO,
 
 549 So.2d 840 (La.1989). An appellate court must not base its determination on whether it considers the trier of fact’s conclusion to be right or wrong, but on whether the fact finder’s conclusion was reasonable.
 
 Stobart, supra.
 

 In order to reverse a fact finder’s determination, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding and (2) further determine that the record 14establishes that the fact finder is clearly wrong or manifestly erroneous.
 
 Salvant v. State,
 
 05-2126 (La.7/6/06), 935 So.2d 646;
 
 Stobart, supra.
 
 The appellate court must not reweigh the evidence or substitute its own factual findings because it would have decided the case differently.
 
 Pinsonneault v. Merchants & Farmers Bank & Trust Co.,
 
 01-2217 (La.4/3/02), 816 So.2d 270.
 

 In Christus-Schumpert’s sole assignment of error, it asserts that the WCJ erred in denying its request for the appointment of an IME because a dispute as to Ms. Herrin’s condition had arisen and there were opposing medical opinions regarding her condition, treatment and capacity to work. Christus-Schumpert argues that the very narrow issue in this case is the application of La. R.S. 23:1123 and the Utilization Review Guidelines of the OWC, both of which deal with the appointment of an IME when a dispute has arisen as to a claimant’s condition. According to Christus-Schumpert, there exists a clear dispute between the diagnoses and opinions of orthopedic surgeon, Dr. Mody, and orthopedic surgeon, Dr. Ferrell, with regard to Ms. Herrin’s condition, recommended treatment and ability to return to work. We agree.
 

 La. R.S. 23:1123 provides:
 

 If any dispute arises as to the condition of the employee, the director, upon application of any party, shall order an examination of the employee to be made by a medical practitioner selected and appointed by the director. The medical
 
 *1170
 
 examiner shall report his conclusions from the examination to the director and to the parties and such report shall be prima facie evidence of the facts therein stated in any subsequent proceedings under this Chapter.
 

 |fiThis court has consistently held that the application of La. R.S. 28:1123 warrants the appointment of an IME when there is a dispute as to a claimant’s condition.
 
 Lee v. Heritage Manor of Bossier City,
 
 41,828 (La.App.2d Cir.3/14/07), 954 So.2d 276,
 
 writ denied,
 
 07-0736 (La.5/18/07), 957 So.2d 157;
 
 Brantley v. Delta Ridge Implement, Inc.,
 
 41,190 (La.App.2d Cir.6/28/06), 935 So.2d 308;
 
 Pujoe v. Stowe-Woodard,
 
 40,044 (La.App.2d Cir.8/17/05), 911 So.2d 304,
 
 writ denied,
 
 05-2365 (La.4/17/06), 926 So.2d 510;
 
 McKinney v. U.L. Coleman,
 
 36,958 (La.App.2d Cir.3/14/03), 839 So.2d 1240.
 

 Additionally, the Louisiana Fifth Circuit Court of Appeal has noted that the application of La. R.S. 23:1123 is not warranted when there is only a dispute as to a claimant’s ability to return to work, as opposed to the claimant’s actual condition.
 
 Bob’s Plumbing and Heating Inc. v. Reynolds,
 
 98-325 (La.App. 5th Cir.10/14/98), 719 So.2d 1169,
 
 writ denied,
 
 98-2978 (La.1/29/99), 736 So.2d 836.
 

 Ms. Herrin concedes in her brief that Dr. Mody’s conclusion that there was no objective evidence of S/I joint subluxation in her medical records “goes against the previously stated and well-documented conclusions of Drs. Whyte, Ferrell, Led-better and Jackson.” While Ms. Herrin may not agree with Dr. Mody’s diagnosis of her condition compared with that of her other physicians, her difference of opinion does not dispose of the issue that Dr. Mody’s diagnosis of her condition is in dispute with that of Dr. Ferrell.
 

 | Several physicians who treated and diagnosed Ms. Herrin submitted reports whose diagnoses conflicted with each other, as well as with those of Drs. Mody and Ferrell. Among all of the varying medical opinions in Ms. Herrin’s case, however, Dr. Mody’s and Dr. Ferrell’s medical opinions contrast with each other to the highest degree. Dr. Ferrell believes that Ms. Herrin has S/I joint dysfunction, that she should continue physical therapy and treatment with Lortab and Darvoeet and that she is incapable of returning to work. Contrary to this diagnosis, Dr. Mody opined that Ms. Herrin suffers from chronic back, buttock and leg pain and suffers from an L4-5 annular tear with mild neu-ro-foraminal stenosis. Dr. Mody recommends that Ms. Herrin wean herself off narcotic medication, partake in home exercises, cold therapy and Alpha and E-stem therapy, and concludes that she can return to work with limitations.
 

 According to the reports of Drs. Mody and Ferrell, there is a clear dispute as to Ms. Herrin’s condition, which warrants the appointment of an IME. In addition, although the application of La. R.S. 23:1123 is not triggered solely by the physicians’ recommendations for Ms. Herrin’s future and ongoing medical treatment or her ability/inability to return to work, both of these issues, as well as the diagnosis of her condition, are in dispute which clearly indicates that there is no agreement between Drs. Mody and Ferrell as to any aspect of Ms. Herrin’s case. We find, therefore, that the WCJ committed manifest error in denying Christus-Schumpert’s request for an IME.
 

 \ .CONCLUSION
 

 For the foregoing reasons, the judgment of the WCJ denying Christus-Schumpert’s request for the appointment of an IME is reversed and the matter is remanded for further proceedings to be conducted in accordance with this opinion. Costs of this
 
 *1171
 
 supervisory review are not assessed. La. C.C.P. art. 1920.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . This decision is being rendered pursuant to supervisory jurisdiction rather than appellate jurisdiction.