JONES, Judge.
This is a worker’s compensation case wherein defendants, Brandt Glass, Inc. and Zurich Insurance Company appeal the judgment of the trial court ordering the defendants to pay for diagnostic tests and treatment of his treating physician, Dr. John Watermeier.
FACTS
On June 15, 1988 plaintiff, Ty Ratcliff filed a petition seeking worker’s compensa *502 tion benefits from his employer, Brandt Glass, Inc. and its insurer, Zurich Insurance Company. Plaintiff alleged that he injured his back while uncrating a truckload of glass on November 3, 1987 and that the defendants had paid weekly benefits from November 3, 1987 to January 26, 1988, at which time benefits were terminated. Plaintiffs claim for compensation was submitted to the Office of Worker’s Compensation, but attempts at informal resolution failed. On the day that the case was initially scheduled for trial, the parties submitted a joint motion to continue based on the fact that the parties had reached a settlement wherein the defendants agreed to make current past due worker’s compensation payments and in return plaintiff agreed to waive penalties and interest and accept $2,500 in attorney’s fees. Defendants agreed to reinstate the plaintiff’s worker’s compensation benefits and to pay all necessary medicals related to his injury.
On April 27, 1992, defendant Zurich American Insurance Company filed a motion to compel plaintiff to submit to an independent medical examination with Dr. Diodene and a vocational placement evaluation with a representative of Intracorp. Alternatively defendant sought an order allowing it to reduce the amount of worker’s compensation benefits paid to plaintiff. Defendant alleged that the plaintiff’s attorney had requested that defendant authorize tests requested by his treating physician, Dr. Watermeier. Defendant’s doctor, Dr. Diodene did not believe the tests were necessary, but “out of fairness” desired to reexamine plaintiff. Additionally, defendant asserted that it believed plaintiff could return to work. On May 4, 1992 plaintiff filed a motion to compel the defendant to allow and pay for all necessary medical treatment including diagnostic tests “meant to relieve petitioner’s pain and disability”. Plaintiff sought penalties and attorneys’ fees.
A hearing was held on both parties’ motion on May 22, 1992. At the hearing on the motion, both parties argued the merits of their positions to the court. Neither party called any witnesses to testify. By judgement dated May 28, 1992, the court ordered the defendants to pay for the diagnostic tests and treatment ordered by plaintiff's treating physician. The court further ruled that after the completion of the tests, defendant would be entitled to an independent medical examination and rehabilitation evaluation. Defendant’s request to reduce the weekly compensation benefit paid was denied. Defendant filed a suspensive appeal of this judgement.
DISCUSSION
On appeal defendant argues that the trial court erred in ordering the payment of the requested tests without first allowing the defendant to have the benefit of an independent medical examination by Dr. Diod-ene.
The issue of whether the defendant must pay for this type of diagnostic test prior to having an independent medical exam need not be addressed by this court since our review of the record and the provisions regulating medical examinations and the provisions detailing the duty to furnish medical expenses leads us to conclude that the trial court erred in ordering the defendants to pay for the tests in question. La. R.S. 23:1203 provides as follows:
A. In every case coming under this Chapter, the employer shall furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal, ... (emphasis added).
Pursuant to this statute and existing case law, the employer is required to pay the cost of all necessary medical expenses. Costs of medically necessary diagnostic tests recommended by one’s treating physician are recoverable when needed in order to determine the proper treatment for the patient. Dumas v. Hartford Ins. Co., 583 So.2d 31 (La.App. 4th Cir.1991); LeDoux v. Robinson, 568 So.2d 244 (La. App. 3rd Cir.1990).
However, when a dispute exists between the parties as to the need for such tests the burden rests on the plaintiff to prove by a preponderance of the evidence *503 that the required tests are necessary. In every case wherein the court determined that diagnostic tests were necessary, the record contained testimony of some nature (either deposition or trial testimony) and/or extensive medical reports to substantiate the need for the tests. Dumas, supra; Stelly v. United Parcel Service, 600 So.2d 156 (La.App. 4th Cir.1992); Whittington v. Rimcor, Inc., 601 So.2d 324 (La.App 2nd Cir.1992), writ denied, 605 So.2d 1366 (La.1992); Butler v. Overnite Transport Co., Inc., 444 So.2d 676 (La. 5th Cir.1984).
The burden of showing the expenses are necessary rests on the plaintiff and in this case the plaintiff presented no evidence to establish his case by a preponderance of the evidence. None of the parties called a physician to testify concerning the need for the tests. Rather, each party’s case consisted solely of oral argument wherein each relied upon various reports and/or letters from physicians who had examined the defendant.
On appeal, the appellee attaches a letter from Dr. Watermeir in which the doctor states that no MRI has been performed since February, 1988 and that the result for such tests is generally valid for only fourteen months. Thus, he feels it would be prudent to perform another test. This letter may very well have been sufficient to justify the ordering of the diagnostic test, however it was not submitted at the hearing. This court has no authority to receive evidence which was not considered by the trial court. Holmes v. St. Charles General Hosp., 465 So.2d 117 (La.App. 4th Cir.1985). Since the letter was not submitted at the hearing, it cannot officially be considered a part of the record. Because no evidence was submitted to establish the medical necessity .for the additional diagnostic test, the trial court erred in ordering the defendant to pay the costs of these additional tests. We reverse and remand for a hearing on this issue.
The next issue to be decided by the court is whether the trial court erred when it refused to order the plaintiff to submit to defendant’s medical examination before plaintiff was re-examined by Dr. Water-meir.
La.R.S. 23:1121 provides:
A. An injured employee shall submit himself to an examination by a duly qualified medical practitioner provided and paid for by the employer, as soon after the accident as demanded, and from time to time thereafter as often as may be reasonably necessary and at reasonable hours and places, during the pendency of his claim for compensation or during the receipt by him of payments under this Chapter. The employer or his worker’s compensation carrier shall not require the employee to be examined by more than one duly qualified medical practitioner in any one field or specialty unless prior consent has been obtained from the employee. (Emphasis added).
Absent some type of testimony (either deposition or trial), the trial court had no basis for determining whether the tests were necessary. In this case no testimony was taken. Nor did any of the parties submit medical reports into evidence. The defendant submitted no medical testimony to support the necessity for an independent medical examination. Pursuant to the provisions of La.R.S. 23:1121(A), a plaintiff is required to submit to medical examinations as soon after the accident as demanded and from time to time thereafter as often as may be reasonably necessary during the pendency of his claim. However, he is not required to submit to an examination by more than one duly qualified medical practitioner in any one field or specialty unless he has given prior consent to the additional examination. Defendants alleged that the plaintiff had not submitted to an independent exam since 1989. If true, this fact may substantiate the necessity of a new exam. However, again no testimony was taken to substantiate the need for the exam. For this reason, the trial court did not err in failing to order the plaintiff to submit to an independent medical examination immediately.
The issue of whether the defendant’s medical examination shall precede the plaintiff’s examination will depend *504 upon the evidence adduced at the hearing. The trial court shall decide the order of the medical examinations based upon the medical evidence; the timing of the request and fairness to both parties. We reverse and remand for a hearing on this issue.
The next issue raised in appellant’s appeal is the issue of whether the trial court erred in ordering defendants to pay for the MRI and CAT Scan to be run on machines owned by plaintiffs doctor. The judgment of May 28, 1992 is silent on the issue of what machines are to be used for the test. However, the trial judge indicated that he saw no reason not to allow these medical tests to be performed on the treating physician’s machines. In light of the fact that a hearing must be held to determine the need for the tests, this issue can be addressed at the hearing.
The next issue to be addressed is whether the court erred in refusing to order plaintiff to attend a vocational placement evaluation by a rehabilitation specialist of defendant’s choice. The trial judge did not specifically refuse defendants’ request for a vocational placement evaluation. Rather, the judgment specifically provides: “IT IS FURTHER ORDERED that, after completion of the diagnostic tests, defendants are entitled to an independent medical examination and rehabilitation evaluation.” Since the plaintiff did not establish that the diagnostic tests were necessary, no basis exists for requiring the defendants to wait upon the completion of these test prior to proceeding with a rehabilitation evaluation. Indeed, pursuant to the provisions of La.R.S. 23:1226(A) the employer must provide prompt rehabilitation services to the employee. La.R.S. 23:1226(B)(3) makes the employer responsible for selecting a vocational counselor and requires cooperation on the part of the employee. For these reasons, the trial judge erred in requiring the defendant to wait until after completion of additional tests to commence the rehabilitation process. The fact that the plaintiff must submit to vocational rehabilitation does not deprive the plaintiff of the right to undergo further medical treatment, including surgery, if warranted.
The final issue raised by the appellant is whether the court erred in threatening to hold defense counsel in contempt if compensation benefits were reduced because of plaintiff’s failure to cooperate in rehabilitation.
Such remarks were unwarranted in light of the fact that defense counsel’s argument was not frivolous and no evidence was before the court to suggest that defendant’s argument was made in bad faith. However, the judgment is silent on this issue and it is obvious that defense counsel was not held to be in contempt. Thus this is not an appealable issue for us to consider.
The record does not support a finding that the plaintiff refused to cooperate in rehabilitation. For this reason, the trial court did not err when it issued the order requiring that plaintiff’s weekly compensation benefits remain the same without a reduction pending the outcome of the various medical examinations.
For the foregoing reasons, the trial court’s judgment is reversed insofar as it ordered the defendants to pay for the requested diagnostic tests without any showing of the necessity for such tests. The judgment is also reversed insofar as it requires the defendant to wait until the completion of diagnostic tests before it can require a rehabilitation evaluation. The case is remanded for a complete evidentia-ry hearing to determine the necessity for the diagnostic tests ordered by plaintiff’s doctor, the necessity for the plaintiff to submit to a medical examination by the defendant’s physician, and a determination concerning the order of the tests and/or medical examination. In all other respects the judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
ARMSTRONG, J., concurs in the result.