|2LeBLANC, Judge.
This is an appeal by an insurer from a trial court judgment in favor of plaintiff, Thomas B. Cantrell (Cantrell), and against defendant, National Union Fire Insurance Company (National Union).
Cantrell filed this personal injury suit for damages arising out of an automobile accident. Cantrell named as defendants: Karol Maskos, the driver of the other vehicle; Mid-America Indemnity Company, Maskos’ automobile liability insurer; and, National Union Fire Insurance Company (National Union). National Union provided automobile liability insurance to Rollins, Inc., and its subsidiary, Orkin, Inc., Cantrell’s employer.[2] Cantrell asserted National Union provided uninsured and under-insured coverage to Rollins and Orkin by virtue of two insurance policies, policy numbers RMBA 9199402 and RMGLA 1979445.
National Union filed a motion for summary judgment, and a hearing was held on January 16, 1996. By stipulation, the issue at trial was limited to the question of insurance coverage provided by National Union. National Union asserted there was no uninsured motorist coverage provided under the poli *241 cies at issue, pursuant to uninsured motorist coverage rejections executed by Eben Jones, Director of Insurance and Risk Management of Rollins, Inc.
On April 1, 1996 the trial court rendered judgment in favor of plaintiff and against defendant, National Union, declaring the policies issued by National Union afford coverage to plaintiff. The judgment also decreed because both policies apply and afford coverage, plaintiff could choose from which policy to collect any damages awarded to him. National Union filed a motion for appeal from the April 1, 1996 judgment. An order of appeal was signed granting National Union an appeal on May 29,1996.
hOn appeal National Union asserts the trial court erred in holding the uninsured motorist insurance coverage rejections executed by Jones were ineffective.
An appeal may be taken from a final judgment or from an interlocutory judgment which caused irreparable injury. La. C.C.P. art. 2083. In City of Plaquemine v. North American Constructors, Inc., 96-1825 (La. 11/8/96), 682 So.2d 1253, the Louisiana Supreme Court definitively answered the question of whether a summary judgment on the issue of insurance coverage is a partial final judgment for purposes of appeal or an interlocutory judgment subject to consideration under a court of appeal’s supervisory jurisdiction or reviewable on appeal only if it causes irreparable injury. The court stated:
The [defendant] then filed a motion for partial summary judgment on the “duty to defend” issue. The trial judge granted the motion, and the insurer both appealed and applied for supervisory writs.
The court of appeal denied supervisory writs, stating that this was a final judgment subject to review by appeal.
The insurers then filed the instant application to this court, asserting that there is a conflict among the circuit courts of appeal on whether a partial summary judgment ordering an insurer to defend an action is a non-appealable interlocutory judgment or a partial final judgment reviewable by appeal.
La.Code Civ.Proc. art. 966 D permits summary judgment on the issue of insurance coverage, which for procedural purposes implicitly includes the issue of duty to defend. La.Code Civ.Proc. art. 1915 provides that a summary judgment rendered pursuant to art. 966 D is not a partial final judgment for purposes of appeal.
Accordingly, the judgment of the court of appeal is vacated and set aside, and the matter is remanded to the court of appeal for consideration under its supervisory jurisdiction.[3]
City of Plaquemine v. North American Constructors, Inc., 96-1825 at 1-2, 682 So.2d at 1253.
|4This analysis follows the language and holding by this court in Adams v. St. Tammany Parish Through Police Jury, 93-0717, p. 2 (La.App. 1st Cir. 4/8/94), 636 So.2d 1003, 1004, wherein we held a trial court judgment finding insurance coverage is an interlocutory judgment reviewable on appeal only if it causes irreparable harm.
In the instant matter, no irreparable injury has been claimed or shown. Thus, pursuant to La. C.C.P. art. 2083 and City of Plaquemine v. North American Constructors, Inc., 96-1825 at 2, 682 So.2d at 1253, the judgment before us is not appealable. Review of this judgment is properly taken under this court’s supervisory jurisdiction. Generally, this court does not convert appeals into writ applications. Woodlands Homeowner’s Association, Inc. of Hammond v. Arvello, 96-0517 p. 3 (La.App. 1st Cir. 12/20/96), 694 So.2d 386, 387.
Where there is no right to appeal, an appellate court may dismiss an appeal at any time. La. C.C.P. art. 2162.
Accordingly, the appeal by National Union Fire Insurance Company from the April 1, 1996 judgment of the trial court on the issue of insurance coverage is dismissed. The parties are given thirty days from the date of *242 this action to file an application for writs which fully complies with Rule 4, Uniform Rules-Courts of Appeal. The costs of this appeal are assessed to National Union.
APPEAL DISMISSED.

. Also named as a defendant was International Insurance Company, who provided excess coverage for Rollins and Orkin. Coverage, if any, provided by International is not at issue in this appeal.

. We note the language contains a reference to La. C.C.P. art. 966D, which was redesignated La. C.C.P. art. 966F pursuant to Acts 1996, 1st Ex. Sess., No. 9, § 1, eff. May 1, 1996. La. C.C.P. art. 966F was repealed by Acts 1997, No. 483, § 3, eff. July 1, 1997.