708 So.2d 493 (1998)
Maria FENYES
v.
HIGHLAND PARK MEDICAL CENTER.
No. 97 CA 0120.
Court of Appeal of Louisiana, First Circuit.
February 20, 1998.
*494 Raymond Charles Vinet, Sr. and Denise A. Vinet, Baton Rouge, for Plaintiff-Appellee Maria Fenyes.
S. Daniel Meeks, Metairie, for Defendant-Appellant Columbia Lakeview Regional Medical Center (Highland Park Medical Center).
Before LOTTINGER, C.J., and SHORTESS and FOGG, JJ.
LOTTINGER, Chief Judge.
The defendant, Highland Park Medical Center, appeals a judgment of a workers' compensation judge recognizing a choice of treating physician, ordering payment for an MRI, and denying production of documents.

FACTS
On December 16, 1992, a judgment was rendered in favor of claimant, Maria Fenyes, finding that claimant's shoulder injury was the result of an on the job accident occurring on October 23, 1990 and that all recommended diagnostic studies proven to be reasonable and necessary shall be the responsibility of defendant herein [Highland Park Medical Center now Columbia Lakeview Regional Medical Center], together with all reasonable and necessary corrective procedures.
The record reflects that, since October of 1991, claimant was treated by several doctors over a period of several years, including Dr. Gustavo Gutnisky, a neurosurgeon. Dr. Gutnisky performed a cervical fusion on claimant in January of 1993. Dr. Gutnisky subsequently referred claimant to Dr. Edna Doyle, a specialist in physical medicine and rehabilitation. Claimant was seen by Dr. Doyle from May of 1994 through March of 1995.
On June 19, 1996, Dr. Gutnisky recommended that claimant undergo a repeat cervical Magnetic Resonance Imaging (MRI) study. Defendant questioned the necessity of this recommendation. At the request of defendant, Dr. Catherine Blanchette, a specialist in physical medicine and rehabilitation, reviewed the recommendation and concluded that a cervical MRI study was not necessary. Thus, defendant refused to pay for the MRI study.
At some point in time, claimant sought treatment with Dr. Evan Howell, a neurologist. Because defendant was of the opinion that Dr. Gutnisky and Dr. Doyle were claimant's treating physicians, defendant refused to pay for claimant's medical bills from Dr. Howell.
On August 9, 1996, claimant filed a motion for rule nisi, which was granted by the workers' compensation judge. Defendant was ordered to show cause why the medical bills, travel mileage, and the MRI study requested by Dr. Gutnisky should not be paid.
At the hearing on this matter held on September 4, 1996, claimant testified that she had not chosen either Dr. Gutnisky or Dr. Doyle as her treating physician. According to claimant, both of these physicians had been chosen by her employer.

TRIAL COURT
The workers' compensation judge rendered judgment ordering as follows:
1. Dr. Evans Howell is the choice and the treating physician of Maria Fenyes.
2. Medical travel mileage and medical prescription expenses are due and payable to Maria Fenyes in the amount of $595.68
3. The MRI as recommended by Dr. Gustave Gutnisky is due and owing to Maria Fenyes, and related medical tests as deemed necessary by the treating physician.
4. The medical bills of Dr. Evans Howell and Dr. Gustave Gutnisky are to be paid forthwith.
5. It is so ordered that Ms. Fenyes should submit herself for a functional capacity exam in its entirety in order to comply with the prescribed treatment of Dr. Edna Doyle.[1]

*495 ASSIGNMENTS OF ERROR
Defendant appeals from this judgment and alleges the following assignments of error for our review:
1.
The workers' compensation judge erred in finding Dr. Evan Howell to be claimant's choice of treating physician.
2.
The workers' compensation judge erred in finding that defendant had to pay for the MRI study recommended by Dr. Gutnisky on June 19, 1996.
3.
The workers' compensation judge erred in denying defendant's Motion to Compel Production of Subpoenaed Documents and For Contempt for Failure of Claimant's Attorney to Produce Records as Subpoenaed.

ASSIGNMENT OF ERROR NUMBER ONE
Through this assignment of error, defendant contends that the workers' compensation judge erred in determining that Dr. Evan Howell was claimant's choice of treating physician.
The factual findings of a judge in a workers' compensation case are reviewed under the manifest error standard of review. Bruno v. Harbert International Inc., 593 So.2d 357, 361 (La.1992). For us to set aside the judge's factual determination that claimant chose Dr. Howell to be her treating physician, we must conclude from the record that a reasonable factual basis did not exist for the judge's findings and that these findings were clearly wrong. See Stobart v. State, Through, Department of Transportation and Development, 617 So.2d 880 (La. 1993).
Under La. R.S. 23:1121(B), an employee who is covered under the workers' compensation act has the right to choose one physician in any field or specialty and the treatment will be paid for by the employer or its compensation insurer. After this selection is made, the employee must obtain the employer's consent to receive treatment at the expense of the employer or its insurer from another physician in that same field or specialty. Comeaux v. Sam Broussard Trucking, 94-1631, p. 2 (La.App. 3rd Cir. 5/31/95), 657 So.2d 449, 452.
Claimant contends that, because English is not her primary language, she did what the insurance company told her to do, and Dr. Howell is her choice of treating physician. However, claimant has been continuously treated by Dr. Gutnisky since October of 1991.[2] Additionally, claimant accepted the treatment of Dr. Doyle, without complaint, from May of 1994 until March of 1995 when their relationship deteriorated. Claimant clearly submitted to the treatment of Dr. Doyle and continues to submit to the treatment of Dr. Gutnisky.
Based upon the record before us, we find that claimant had de facto chosen Dr. Doyle and Dr. Gutnisky as her treating physicians. See Moore v. Sanderson Farms, Inc., 95-2042, p. 4 (La.App. 1st Cir. 5/10/96); 674 So.2d 478, 484, writ denied, 96-1399 (La.9/13/96), 679 So.2d 106; Comeaux v. Sam Broussard Trucking, 94-1631 at p. 5, 657 So.2d at 453; Guillotte v. Dynamic Offshore Contractors, 628 So.2d 234, 236 (La.App. 3rd Cir.1993). Thus, the workers' compensation judge was clearly wrong in finding that Dr. Howell was claimant's choice of treating physician.

ASSIGNMENT OF ERROR NUMBER TWO
Through this assignment of error, defendant contends that the workers' compensation judge erred in ordering that defendant pay for the MRI study recommended by Dr. Gutnisky.
La. R.S. 23:1203(A) provides, in part, that "the employer shall furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal." In order to *496 recover medical expenses under La. R.S. 23:1203, the claimant must prove that the expenses are reasonably necessary for treatment of a medical condition caused by the work injury. Patterson v. Long, 96-0191, p. 11 (La.App. 1st Cir. 11/8/96), 682 So.2d 1327, 1334, writ denied, 96-2958 (La.2/7/97), 688 So.2d 499. A workers' compensation judge's determination regarding medical necessity is entitled to great weight and will not be disturbed on appeal in the absence of manifest error or unless clearly wrong. Patterson v. Long, 96-0191 at p. 11, 682 So.2d at 1334. However, as the court said in Ratcliff v. Brandt Glass, Inc., 618 So.2d 500, 502-3 (La.App. 4th Cir.1993), "when a dispute exists between the parties as to the need for such test the burden rests on the plaintiff to prove by a preponderance of the evidence that the required tests are necessary." See also Fritz v. Home Furniture-Lafayette, 95-1705 (La.App. 3rd Cir. 7/24/96), 677 So.2d 1132.
Dr. Gutnisky, the treating physician, did not testify at the hearing. In fact, the only evidence in the record is the mere fact that Dr. Gutnisky requested a repeat MRI study. In contrast, Dr. Blanchette reviewed claimant's medical records and was of the opinion that the repeat MRI study was not medically necessary. Thus, we conclude that the workers' compensation judge erred as a matter of law.

ASSIGNMENT OF ERROR NUMBER THREE
Through this assignment of error, defendant attempts to appeal from a judgment of the hearing officer rendered January 22, 1997, denying its motion to compel production of subpoenaed documents and for contempt for failure of claimant's attorney to produce records as subpoenaed.[3]
Defendant's motion for appeal and the notice of appeal indicated that only the judgment rendered on September 30, 1996 was being appealed. Thus, the January 22, 1997 judgment is not properly before this court. We pretermit any further discussion.

CONCLUSION
For the foregoing reasons, the judgment of the workers' compensation judge is reversed. Costs of this appeal are assessed to plaintiff-appellee.
REVERSED AND RENDERED.
NOTES
[1] The record reflects that Dr. Doyle ordered that claimant undergo a functional capacity exam (FCE). Claimant went for testing on March 25, 1995, but terminated the test before its completion.
[2] This treatment included a cervical fusion performed in January of 1993.
[3] This judgment is not contained in the record before this court but was attached as an exhibit to defendant's brief.