713 So.2d 1255 (1998)
Louis DIXON
v.
B.W. FARRELL, INC.
No. CA 97 2586.
Court of Appeal of Louisiana, First Circuit.
June 29, 1998.
*1256 Michael L. Hyman, Sandra S. Rester, Baton Rouge, for Defendants/Appellants B.W. Farrell, Inc. and La. United Business Association Self Insurers Fund.
Anthony F. Salaria, Baton Rouge, for Plaintiff/Appellee Louis Dixon.
John T. Bennett, Candyce C. Gagnard, Baton Rouge, for Plaintiff/Appellee Louis Dixon.
Before FOIL, WHIPPLE and KUHN, JJ.
WHIPPLE, Judge.
Defendant, B.W. Farrell, Inc., (Farrell) appeals the decision of the worker's compensation judge ordering a functional capacities evaluation of plaintiff, Louis Dixon, at Farrell's costs.
For the following reasons, we dismiss the appeal as taken from an interlocutory judgment.

FACTS AND PROCEDURAL HISTORY
On September 9, 1995, Louis Dixon, a bulldozer operator employed by Farrell, was in the course and scope of his employment when he slipped while attempting to climb onto a bulldozer and injured his right knee. Dixon was treated by several doctors and eventually underwent surgery. A dispute arose regarding Dixon's entitlement to weekly worker's compensation benefits, and he filed a claim with the Office of Worker's Compensation.
At trial on December 3, 1996, plaintiff and Mrs. Dixon testified regarding Dixon's physical limitations and capabilities after his injury and the resulting surgery. Additionally, the reports and documents of three doctors who rendered treatment, Drs. Ronald Sylvest, L.J. Mayeux, and John Fritchie, were introduced. All three concluded that Dixon had reached maximum medical improvement. However, after reviewing the testimony adduced, the judge found that "[t]he real issue" was Dixon's actual capability and whether he could return to his former employment. While acknowledging that Mr. and Mrs. Dixon were both credible, the judge concluded there was insufficient information presented, even considering Dr. Fritchie's report, to resolve whether Dixon could actually perform the duties of a bulldozer operator.[1]
The judge stated that she was concerned about whether Dixon could perform his former employment duties. She felt she did not have enough information to make that decision, as there was no report regarding Dixon's functional capacities nor any indication *1257 that any doctor had been provided with a description of Dixon's employment duties by any of the parties. Additionally, she noted that as of the time of trial, Dixon had not attempted to return to work and perform his job duties. Because she felt the record was incomplete, she ordered a functional capacities evaluation, at Farrell's expense, to be conducted by a doctor mutually agreed upon by the parties. She also ordered Dixon to attempt to return to work and pretermitted ruling on his disability claim and entitlement to indemnity benefits pending receipt of the functional capacities evaluation.
From this order, Farrell appeals, assigning as error: (1) the judge's ordering a functional capacities evaluation of Dixon when neither Dixon nor any doctor requested such evaluation, and (2) the judge's ordering a functional capacities evaluation when the medical evidence showed Dixon was able to return to his former employment in full duty capacity.

DISCUSSION
Recognizing at the outset that the judgment at issue seemingly was not appealable, this court issued a show cause order on May 11, 1998, ordering the parties to show cause by briefs why the appeal should or should not be dismissed, as a non-appealable judgment. Both parties responded with briefs.
Pursuant to LSA-C.C.P. art.2083, only final judgments, interlocutory judgments which may cause irreparable harm and judgments reformed in accordance with remittitur or additur, are appealable. Louisiana Code of Civil Procedure article 1918 defines a final judgment as one identified as such by appropriate language. LSA-C.C.P. art.1918.
During the proceedings, the judge stated that she felt the record was incomplete and ordered a functional capacities evaluation. She then specifically postponed entering a final judgment on the issues of disability or entitlement to indemnity benefits, pending the outcome of the evaluation. Thus, the judgment challenged herein is not a final judgment. At most, the judge was merely appointing an expert to perform the evaluation and generate a report which would ultimately enable her to render a final decision.
Farrell contends that this judgment is appealable "within the scheme of Louisiana Workers' Compensation Act" as an appealable award of medical expenses. Alternatively, Farrell contends the judgment is appealable because it will cause irreparable injury to Farrell. We find no merit in either argument.
We find no basis for concluding the order of a functional capacities evaluation will cause irreparable injury. Once the judge makes a final determination of Dixon's entitlement (or lack thereof) to benefits, either party may appeal and would not be precluded from challenging the evaluation or assessment of its costs to Farrell.
In its brief in response to the show cause order, Farrell cites Ratcliff v. Brandt Glass, Inc., 618 So.2d 500 (La.App. 4th Cir.1993), for the proposition that an award for a medical test alone is an appealable award. However, we note that the defendant in Ratcliff was appealing the judgment which denied defendant's request to reduce plaintiff's weekly compensation benefits and awarded plaintiff medical benefits including the cost of diagnostic tests. Thus, Ratcliff involved the appeal of a final judgment awarding medical benefits as well as continuing weekly benefits and is distinguishable from the case before us.
Defendant alternatively requests that this court exercise its supervisory jurisdiction and review this judgment, by treating defendant's appeal as an application for supervisory writs, should we determine this is a non-appealable, interlocutory ruling. However, we decline to do so, finding that the ruling at issue does not meet the criteria of Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La. 1981).
In requesting that this court exercise its supervisory jurisdiction, defendant asserts that this case satisfies the Herlitz criteria, arguing that the judge was clearly wrong in ordering the evaluation. However, we note that LSA-R.S. 23:1124.1 provides that "the hearing officer, on his own motion, may order *1258 that any claimant appearing before it be examined by other physicians." Additionally, a reversal of the judge's order of the evaluation would not terminate the litigation, as there has been no ruling on the merits of the case.

CONCLUSION
In the instant matter, no irreparable injury has been shown, and the judgment before us is not appealable. Where there is no right to appeal, an appellate court may dismiss an appeal at any time. LSA-C.C.P. art. 2162; Cantrell v. Maskos, 96-1903, p. 4 (La.App. 1st Cir. 9/23/97); 700 So.2d 240, 241. Because the criteria set forth in Herlitz clearly are not met and because Farrell has an adequate remedy by review on appeal after a final judgment, we decline to exercise our supervisory jurisdiction and we dismiss the appeal. See Alleman v. Noel, 93-2130, p. 2 (La.App. 1st Cir. 3/14/94); 640 So.2d 373, 374.
APPEAL DISMISSED.
NOTES
[1] According to Dr. Fritchie, Dixon would have difficulty in any employment that required the repetitive use of his lower extremities, and he should avoid bending, stooping, and kneeling.