915 So.2d 892 (2005)
Dorothy M. ASBERRY
v.
THE AMERICAN CITADEL GUARD, INC.
No. 2004 CA 0929.
Court of Appeal of Louisiana, First Circuit.
May 6, 2005.
*893 Sharah Harris-Wallace, Plaquemine, for Plaintiff/Appellant, Dorothy Asberry.
Eric Pope, Baton Rouge, for Defendant/Appellee, The American Citadel, Inc.
Before: WHIPPLE, DOWNING and HUGHES, JJ.
WHIPPLE, J.
This is an appeal by Dorothy Asberry, a security officer for The American Citadel Guard, Inc. (American Citadel), from a judgment of the Office of Workers' Compensation, granting summary judgment in favor of the employer and denying her motion for expedited summary relief. For the following reasons, we reverse and remand.

DISCUSSION
On February 14, 2001, while performing her duties as a security guard, Asberry was exposed to a chemical release. Several months after the incident, Asberry filed a claim for indemnity and medical benefits for injuries resulting from the "chemical exposure," and American Citadel instituted benefits.
On October 15, 2003, Asberry filed a "Motion for Expedited Summary Hearing," wherein she alleged that her exposure on February 14, 2001 to chloromethane, dichloromethane, hydrogen chloride, tetrachloromethane and other chemicals resulted in various physical ailments that render her disabled.[1] Asberry averred that workers' compensation benefits had been terminated in June 2003 based on the May 20, 2003 report of Dr. William Nassetta, who opined that Asberry's symptoms could not be related to her chlorine exposure. Asberry asserted, however, that additional medical tests, including a methacholine challenge test, an EMG/NCV/DEP/ and QSP of the upper and lower extremities, and other neuropsychological testing, had been recommended by one of her treating physicians to clearly determine the cause of her disability. Thus, while she contended in her motion that "workers' compensation benefits" had been terminated, she sought only authorization for the recommended medical tests, travel expenses for the medical treatment and attorney's fees pursuant to LSA-R.S. 23:1121.
In response, American Citadel filed a "Cross Motion for Summary Judgment," contending that Asberry's own treating toxicologist had opined that her symptoms were not related to chlorine exposure and that Asberry had come forward with "absolutely no medical evidence" to attribute her continuing complaints to chlorine exposure. Thus, American Citadel sought summary judgment "dismissing [Asberry's] claim for further medical and indemnity benefits."[2]
*894 Following a hearing on these motions, the workers' compensation judge found that based on the opinion of Asberry's chosen toxicologist, Dr. Nassetta, her complaints were unrelated to the February 14, 2001 exposure. Accordingly, the workers' compensation judge rendered judgment, denying Asberry's motion for additional medical testing, granting American Citadel's motion for summary judgment, and dismissing Asberry's demands with prejudice.
On appeal, Asberry contends that the workers' compensation judge erred in granting American Citadel's motion for summary judgment where there had been no determination by a treating physician regarding whether her symptoms were caused by the other chemicals to which she was allegedly exposed.
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. It should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial, the movant's burden does not require him to negate all essential elements of the adverse party's claim. Rather, the movant need only show that there is an absence of factual support for one or more elements essential to the adverse party's claim. Thereafter, if the adverse parties fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. LSA-C.C.P. art. 966(C)(2); Carbo v. City of Slidell, XXXX-XXXX, p. 3 (La.App. 1st Cir.1/8/03), 844 So.2d 1, 4, writ denied, XXXX-XXXX (La.4/25/03), 842 So.2d 400. If, however, the movant fails in his burden to show an absence of factual support for one or more of the elements of the adverse party's claim, the burden never shifts to the adverse party, and the movant is not entitled to summary judgment. Carbo, XXXX-XXXX at pp. 21-22, 844 So.2d at 17.
Appellate courts review summary judgment de novo under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Carbo, XXXX-XXXX at p. 4, 844 So.2d at 4.
Pursuant to LSA-R.S. 23:1203(A), an employer shall furnish all necessary medical expenses for a work-related injury. Fenyes v. Highland Medical Center, 97-0120, p. 5 (La.App. 1st Cir.2/20/98), 708 So.2d 493, 495-496. This duty includes the duty to pay for necessary diagnostic tests recommended by a treating physician to reach a proper diagnosis. Scott v. Town of Jonesville, 96-41, p. 4 (La.App. 3rd Cir.7/3/96), 676 So.2d 1196, 1198; see also McCrary v. New Orleans Health Corp., XXXX-XXXX, p. 3 (La.App. 4th Cir.9/26/01), 798 So.2d 1085, 1088.
At trial on the merits, the claimant bears the burden of proving that the recommended tests are reasonably necessary. See Fenyes, 97-0120 at p. 5, 708 So.2d at 495-496; McCrary, XXXX-XXXX at p. 4, 798 So.2d at 1088. Thus, to prevail on its motion for summary judgment, American Citadel was required to show an absence of factual support for Asberry's contention that the requested tests were necessary. Carbo, XXXX-XXXX at p. 3, 844 So.2d at 4.
*895 In order to carry its burden, American Citadel relied upon the report of Dr. William Nassetta, Asberry's chosen toxicologist. In his report, Dr. Nassetta noted that he had examined Asberry on April 30, 2002, and reviewed her medical records. Based upon his review, he concluded that Asberry's "constellation of non-specific symptoms ... are not attributable to her exposure to chlorine in February 2001." (Emphasis added). American Citadel argued that while Dr. Nassetta noted in his report that some recommended tests had not been performed, Dr. Nassetta had nonetheless rendered an opinion on the issue of whether Asberry's symptoms were related to chlorine exposure. Accordingly, American Citadel argued that there was an absence of factual support for the contention that these tests were medically necessary for the diagnosis of Asberry's condition.
At the outset, we note that Dr. Nassetta's opinion centered on whether Asberry's symptoms were caused by chlorine exposure. However, in her pleadings, Asberry contended that she had been exposed to a number of chemicals, including chloromethane, dichloromethane, hydrogen chloride, and tetrachloromethane. On the record before us, neither party has established whether the chemical release at issue involved only chlorine gas or whether it also included the chemicals alleged by Asberry.[3] And, as Asberry correctly argues, American Citadel failed to establish that the requested tests, (which were recommended by her treating physician) including the methacholine challenge test, were not relevant to the diagnosis of any condition attributable to her exposure to other chemicals.
Accordingly, American Citadel failed to carry its burden of establishing entitlement to judgment in its favor, as a matter of law. In sum, the burden never shifted to Asberry to produce factual support sufficient to establish that she would be able to satisfy her evidentiary burden of proof at trial, as American Citadel failed to prove its entitlement to summary judgment. Carbo, XXXX-XXXX at pp. 21-22, 844 So.2d at 17. Thus, we reverse the December 21, 2003 judgment dismissing Asberry's demands with prejudice. We remand this matter for further proceedings consistent with the views expressed herein. In particular, on remand, the Office of Workers' Compensation shall expeditiously consider the nature, extent and need of any additional testing to be done, if Asberry can make the required showing, and shall render judgment accordingly.[4] We issue this memorandum opinion in accordance with Uniform Rules  Courts of Appeal, Rule 2-16.1(B). Costs of this appeal are assessed against American Citadel.
REVERSED AND REMANDED.
NOTES
[1] We note that an expedited summary hearing procedure is authorized by LSA-R.S. 23:1121(B) and 23:1124(B) when a claimant is denied her right to an initial physician of choice, to be conducted as a rule to show cause. LSA-R.S. 23:1121(B) and 23:1124(B). Herein, although styled as a "Motion for Expedited Summary Hearing," Asberry's pleading was referred to (and apparently treated as) a motion for summary judgment in the judgment of dismissal.
[2] We note that inasmuch as Asberry did not request reinstatement of indemnity benefits in her motion for expedited summary hearing, any judgment granting American Citadel's motion for summary judgment and dismissing Asberry's claims would be limited to dismissal of the requested relief only.
[3] We note that in his report, Dr. Nassetta stated that "[f]rom a review of the incident reports, it is clear that chlorine was released" into the atmosphere although the concentration to which Asberry was exposed was not certain. However, we are unable to determine from this statement alone whether the chemical release was comprised only of chlorine, whether the reports he reviewed contained an analysis of the chemicals released, or whether Dr. Nassetta was aware of other chemicals released but did not mention them because he considered them irrelevant to Asberry's diagnosis.
[4] Although Asberry requests that this court render judgment ordering that the recommended tests be authorized by American Citadel, we decline to do so given the posture of these proceedings and the paucity of evidence before us addressing the specific issues raised by the parties.