965 So.2d 462 (2007)
Silas RUSHING
v.
WINN-DIXIE LOUISIANA, INC.
No. 2006 CA 2016.
Court of Appeal of Louisiana, First Circuit.
August 1, 2007.
*463 Albert A. Bensabat, III, Hammond, for Plaintiff-Appellee Silas Rushing.
James M. Taylor, Denise M. Ledet, Taylor, Wellons, Politz, & Duhe, APLC, New Orleans, for Defendant-Appellant Winn-Dixie Louisiana, Inc.
Before: JONES, MURRAY, and TOBIAS, JJ.[1]
CHARLES R. JONES, Judge, Ad Hoc.
The Appellant, Winn-Dixie Louisiana, Inc. (hereinafter "Winn-Dixie") seeks review of an Office of Workers' Compensation judgment that awarded the Appellee, Mr. Silas Rushing, $10,410.30 for prescription expenses, $3,370.00 for physician expenses, and $5,000 for attorney's fees. We affirm.

Facts and Procedural History
On May 8, 1998, Mr. Rushing was injured while in the course and scope of his employment with Winn-Dixie. After the accident, Winn-Dixie began to pay his disability benefits. Mr. Rushing initially sought pain management treatment for his work related injury from Dr. Larry Thirstrup. Subsequently, Dr. Thirstrup could no longer prescribe pain medication because his medical privileges were revoked. In August 2004, Mr. Rushing began treatment with Dr. David Jarrott. Dr. Jarrott retired shortly thereafter, and Mr. Rushing continued treatment with Dr. Scott Chapman, who took over Dr. Jarrott's practice. All three doctors were pain management specialists.
On or about November 3, 2004, Mr. Rushing filed a disputed claim for compensation *464 against Winn-Dixie seeking authorization to change his physician. Mr. Rushing also sought reimbursement for medical and prescription expenses he accrued from November 1, 2004 to June 9, 2006. Lastly, he sought to recover attorney's fees under La. R.S. 23:1121(C). Winn-Dixie did not formally authorize the change of physician until June 29, 2006. At that time it was agreed that Dr. James Denney would assume Mr. Rushing's pain management treatment.
Trial on this matter commenced on July 20, 2006. At trial, the parties stipulated that from the date of filing his disputed claim for compensation to the date of the trial, Mr. Rushing had incurred $10,410.30 in prescription expenses and $3,370.00 in physician expenses. After reviewing all of the evidence and testimony presented, the Office of Workers' Compensation entered judgment in favor of Mr. Rushing. Winn-Dixie was ordered to reimburse him $10,410.30 for prescription expenses, $3,370 for physician's expenses, and $5,000 for attorney's fees. Subsequently, Winn-Dixie filed the instant appeal.
Winn-Dixie raises two issues on appeal. In its first assignment of error, Winn-Dixie argues that the Office of Workers' Compensation committed manifest error in ordering Winn-Dixie to reimburse Mr. Rushing for prescription and physician expenses when Mr. Rushing did not specifically request treatment or reimbursement from Dr. Jarrott or Dr. Chapman. Winn-Dixie's second assignment of error is that the Office of Workers' Compensation committed manifest error in concluding that Winn-Dixie was arbitrary and capricious based on its refusal to authorize treatment with the physicians.

Law and Discussion
In a worker's compensation case, the standard of review for the appellate court is the manifest error standard. Freeman v. Poulan/Weed Eater, 93-1530 (La.1/14/94), 630 So.2d 733, 737. Further, the reviewing court "must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one, after reviewing the record in its entirety." Stobart v. State, 617 So.2d 880, 882 (La.1993).
In its first assignment of error, Winn-Dixie argues that the Office of Workers' Compensation committed manifest error in ordering Winn-Dixie to reimburse Mr. Rushing's prescription and physician's expenses when Mr. Rushing did not obtain prior consent from his employer to change physicians. Winn-Dixie argues specifically that Mr. Rushing neither informed it of his new treating physician, nor did Mr. Rushing submit any documentation that would have informed Winn-Dixie of the identity of his new physician.
After an employee makes his initial physician choice, he must obtain consent from his employer to receive treatment from a physician practicing in the same field as his previous employer. Fenyes v. Highland Park Medical Center, 97-0120, p. 4 (La.App. 1 Cir. 2/20/98), 708 So.2d 493, 495.
La. R.S. 23:1121(B) provides:
The employee shall have the right to select one treating physician in any field or specialty. The employee shall have a right to the type of summary proceeding provided for in R.S. 23:1124(B), when denied his right to an initial physician of choice. After his initial choice, the employee shall obtain prior consent from the employer or his worker's compensation carrier for a change of treating physician within that same field or specialty. The employee, however, is not required to obtain approval for change to a treating physician in another field or specialty.
In the case at bar, Mr. Rushing initially treated with Dr. Thirstrup, a pain management *465 specialist, for the injury he obtained while in the scope and course of his employment at Winn-Dixie. Subsequently, Dr. Thirstrup's medical privileges were revoked and Mr. Rushing was left without a physician. Mr. Rushing then elected to continue his pain management treatment with Dr. Jarrott in August of 2004. Shortly thereafter, Dr. Jarrott retired and his practice was assumed by Dr. Chapman. Dr. Chapman also assumed treating Mr. Rushing.
The Workers' Compensation Judge in her Written Reasons stated that because Mr. Rushing was left without a treating physician he was entitled to select his physician of choice. The Workers' Compensation Judge further found that Mr. Rushing was not changing physicians, but that he simply selected a treating physician as was his right pursuant to La. R.S. 23:1121(B). That is, Mr. Rushing did not need to obtain prior consent from Winn-Dixie when he began treatment with Dr. Jarrott and Dr. Chapman because he was not seeking to change his physician. Instead, because Mr. Rushing did not have a physician, he was forced to select one. Once Dr. Thirstrup's medical privileges were revoked, Mr. Rushing was without a doctor. Dr. Jarrott retired shortly after Mr. Rushing began his treatment. Again, Mr. Rushing did not have a doctor. Dr. Chapman then took over Dr. Jarrott's practice and Mr. Rushing's treatment. Mr. Rushing did not choose to discontinue treatment with any of these physicians. For reasons unbeknownst to Mr. Rushing and due to circumstances beyond his control, he lacked a treating physician and was twice forced to re-select a physician.
The Louisiana State Supreme Court has held that an injured employee has an absolute right to select one physician in any field without the approval of the employer. Smith v. Southern Holding, Inc., 02-1071, p. 9 (La.1/28/03), 839 So.2d 5, 11. Accordingly, Mr. Rushing made his selection of a physician when he treated with Dr. Jarrott. After Dr. Jarrott's retirement, he began treatment with Dr. Chapman. Subsequently, in November 2004, Mr. Rushing made his formal demand requesting a change of physician. Therefore, we find the Office of Workers' Compensation was not manifestly erroneous in concluding that Mr. Rushing was entitled to reimbursement for his physician's expenses and prescription expenses for his treatment with Dr. Jarrott and Dr. Chapman.
In its second assignment of error, Winn-Dixie argues that the Office of Workers' Compensation committed manifest error in finding Winn-Dixie arbitrary and capricious in awarding Mr. Rushing $5,000 in attorney's fees. Winn-Dixie asserts that Louisiana jurisprudence requires a specific request for treatment and/or reimbursement in order to assess attorney's fees. Winn-Dixie maintains that Mr. Rushing did not make a specific request for treatment or reimbursement, therefore attorney's fees in this matter are not warranted.
"Arbitrary and capricious behavior consists of willful and unreasoning action, without consideration and regard for facts, circumstances presented, or of seemingly unfounded motivation." Williams v. Rush Masonry, Inc., 98-2271,(La.6/29/99), 737 So.2d 41, 45-46 (quoting Brown v. Texas-LA Cartage, Inc., 98-1063 (La.12/1/98), 721 So.2d 885, 890).
The Office of Workers' Compensation awarded attorney's fees in the instant matter pursuant to La. R.S. 23:1121(C). This section of the statute was repealed in 2003, but it was in effect at the time of Mr. Rushing's claim. The statute read as follows:
If the employer or insurer has not consented to the employee's request to select *466 a treating physician or change physicians when such consent is required by this Section, and its determined by a court having jurisdiction that the withholding of such consent was arbitrary and capricious, or without probable cause, the employer or the insurer shall be liable to the employee for reasonable attorney's fees related to this dispute and for any medical expense so incurred by him for an aggravation of the employee's condition resulting from the withholding of such physician's services.
The Office of Workers' Compensation found that "Winn-Dixie presented no evidence at trial that Mr. Rushing's request to change physicians was investigated, nor did Winn-Dixie offer any evidence controverting the reasonableness or necessity of the treatment." Furthermore, the record indicates that Winn-Dixie knew about Mr. Rushing's formal demand to change physicians since November 2004. Winn-Dixie, however, did not approve the change of physician until June 29, 2006.
In Luper v. Wal-Mart Stores, 02-0806, p. 8 (La.App. 1 Cir. 3/28/03), 844 So.2d 329, 335, we upheld an award of attorney's fees based on Wal-Mart's failure to provide payment for medical expenses incurred by its employee. The employee requested a physician change from Wal-Mart numerous times, yet for a year Wal-Mart failed to authorize the change. We reasoned that since the employee made a request to change physicians it was "incumbent upon Wal-Mart to respond in some form or fashion which was never done." Id. at 336. We also noted that the employee had to retain counsel because Wal-Mart failed to respond to the request for a physician change. Id. at 335.
Similarly, Mr. Rushing requested a change of physician from Winn-Dixie in 2004, yet his request was not authorized until two years later. Mr. Rushing was forced to pay out of pocket expenses for his visits to the doctor and for his prescriptions. Mr. Rushing also had to retain counsel in order to settle this matter.
Based on the evidence and testimony presented at trial, the Office of Workers' Compensation found that Winn-Dixie acted arbitrarily and capriciously in its refusal to approve Mr. Rushing's treatment with Dr. Jarrott and Dr. Chapman. Consequently Mr. Rushing was awarded $5,000 in attorney's fees. We are in accord with the fact finding of the Office of Workers' Compensation and find that this assignment of error lacks merit. Therefore, we conclude that the Office of Workers' Compensation was not manifestly erroneous in awarding Mr. Rushing his attorney's fees.

DECREE
For the reasons assigned herein, we affirm the judgment of the Office of Workers' Compensation.
AFFIRMED.
NOTES
[1] The Honorable Charles R. Jones, Judge, the Honorable Patricia Rivet Murray, Judge, and the Honorable Max N. Tobias, Jr., Judge, all members of the Fourth Circuit Court of Appeal, are serving as judges ad hoc by special appointment of the Louisiana Supreme Court.