THAD DEVIER AND DE VIER CONSTRUCTION, LLC
v.
JAN M. ROBERT, WIFE OF AND A. GAYDEN ROBERT.
No. 2008 CA 1790.
Court of Appeals of Louisiana, First Circuit.
March 27, 2009.
Not Designated for Publication
R. COLLINS VALLEE, Mandeville, LA, Counsel for Plaintiffs/Appellants, Thad Devier and Devier Construction, LLC.
LISA A. CONDREY, JOSEPH R. WARD, Jr., Covington, LA, Counsel for Defendants/Appellees, Jan M. Robert, wife of and A. Gayden Robert
Before: CARTER, C.J., WHIPPLE, and DOWNING, JJ.
WHIPPLE, J.
This matter is before us on appeal by plaintiffs, Thad Devier ("Devier" or "plaintiff") and Devier Construction, LLC, ("Devier Construction") from a judgment of the trial court maintaining a peremptory exception raising the objection of no right of action and granting a motion for summary judgment in favor of defendants, Jan and A. Gayden Robert. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
On April 3, 2007, Thad Devier entered into an "Agreement to Purchase" ("purchase agreement") with Jan M. and A. Gayden Robert, wherein Devier agreed to sell the property and home at 149 North New Hampshire Street in Covington, Louisiana, to the Roberts. In conjunction with the purchase agreement, the Roberts issued a check to Devier Construction in the amount of $6,500.00 as a deposit. According to the purchase agreement, the parties were to execute an act of sale on the property within fourteen days of the issuance of the certificate of occupancy by the City of Covington. However, for reasons that are disputed by the parties herein, the sale was never executed.
On October 11, 2007, Devier and Devier Construction ("plaintiffs") filed a petition for breach of contract, specific performance, and damages. Therein, plaintiffs alleged that the defendants had breached the terms of the purchase agreement by refusing to purchase the property. Plaintiffs requested that the trial court order specific performance of the purchase agreement or, alternatively, that plaintiffs be awarded costs allegedly incurred for performing work specifically requested by the defendants, as well as expenses, damages, attorney's fees, and court costs.
The defendants filed an answer and reconventional demand on October 22, 2007, wherein they essentially alleged that: (1) the purchase agreement was unenforceable due to plaintiffs' breach, and (2) they were entitled to the return of their deposit, as well as attorney's fees and court costs for the plaintiffs' breach of contract. Citing, inter alia, the significant delays, lack of progress, and lack of communication on the part of the plaintiffs, the defendants alleged plaintiffs had violated the provisions of the purchase agreement.
On March 19, 2008, the defendants filed peremptory exceptions raising the objection of no right of action and no cause of action, and a motion for summary judgment. After a hearing on May 12, 2008, the trial court signed a judgment on May 23, 2008, maintaining defendants' peremptory exception of no right of action and granting defendants' motion for summary judgment.[1]
Plaintiff filed the instant suspensive appeal, contending the trial court erred: (1) in granting summary judgment and dismissing the suit; (2) as a matter of law in nullifying the purchase agreement where the lack of Katherine Devier's signature on the purchase agreement merely created a relative nullity curable by written ratification; and (3) as a matter of law in failing to recognize that the purchasers had no standing to nullify the purchase agreement, as a relative nullity may only be invoked by the non-signing spouse.

LEGAL PRECEPTS
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Granda v. State Farm Mutual Insurance Company, 2004-2012 (La. App. 1st Cir. 2/10/06), 935 So. 2d 698, 701. It should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that movant is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial, the movant's burden does not require him to negate all essential elements of the adverse party's claim. Rather, the movant need only show that there is an absence of factual support for one or more elements essential to the adverse party's claim. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. LSA-C.C.P. art. 966(C)(2); Asberry v. The American Citadel Guard, Inc., XXXX-XXXX (La. App. 1st Cir. 5/6/05), 915 So. 2d 892, 894. If, however, the movant fails in his burden to show an absence of factual support for one or more of the elements of the adverse party's claim, the burden never shifts to the adverse party, and the movant is not entitled to summary judgment. Asberry v. The American Citadel Guard, Inc., 915 So. 2d at 894.
Appellate courts review summary judgment de novo under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Granada v. State Farm Mutual Insurance Company, 935 So. 2d at 701. Material facts are those that potentially insure or preclude recovery, affect the litigant's success, or determine the outcome of a legal dispute. Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Gomon v. Melancon, 2006-2444 (La. App. 1st Cir. 3/28/07), 960 So. 2d 982, 984, writ denied, XXXX-XXXX (La. 9/14/07), 963 So. 2d 1005.

DISCUSSION
Contending that a relative nullity may only be invoked by the non-signing spouse, Devier essentially argues that the trial court erred as a matter of law in failing to recognize that the defendants had no standing to raise the issue of the relative nullity of the agreement to sell and in ruling that the agreement was null and void because it was not signed by Devier's wife, Katherine Devier.[2] He further argues that her later-executed affidavit cured any defect, and was sufficient to render the purchase agreement enforceable, contrary to the trial court's determination.
In dismissing plaintiff's suit for specific performance and damages, the trial court concluded that the purchase agreement was unenforceable and noted in its reasons for judgment:
Katherine Devier's name is nowhere in the purchase agreement. Under La. Civ. Code art. 2347, the concurrence of both spouses is needed to convey community property. Without such concurrence, the contract is null and void. Thus, the Roberts are entitled to summary judgment.
As set forth in LSA-C.C. art. 2031:
A contract is relatively null when it violates a rule intended for the protection of private parties, as when a party lacked capacity or did not give free consent at the time the contract was made. A contract that is only relatively null may be confirmed.
Relative nullity may be invoked only by those persons for whose interest the ground for nullity was established, and may not be declared by the court on its own initiative.
Further, LSA-C.C. art. 2353 provides:
When the concurrence of the spouses is required by law, the alienation, encumbrance, or lease of community property by a spouse is relatively null unless the other spouse has renounced the right to concur. Also, the alienation, encumbrance, or lease of the assets of a community enterprise by the non-manager spouse is a relative nullity.
Moreover, "[a]n act entered into by a spouse without the concurrence of the other spouse when such concurrence is required by law is a relative nullity." LSA-C.C. art. 2353, Comment (b). A contract that is only relatively null may be confirmed. LSA-C.C. art. 2031. Confirmation of a relative nullity may be express or tacit. LSA-C.C. art. 1842.
Thus, as plaintiff correctly notes, attacks on relatively null contracts are limited to those persons for whose interest the ground for nullity was established, Havnes v. Haynes, XXXX-XXXX (La. App. 1st Cir. 5/9/03), 848 So. 2d 35, 38, as the concept of contract nullity is a remedy intended to protect the parties to a contract from being forced to honor contracts which they did not enter into freely. Rowan v. Town of Arnaudville, XXXX-XXXX (La. App. 3rd Cir. 12/11/02), 832 So. 2d 1185, 1190. Moreover, a relatively null transaction is voidable only by the spouse who did not give consent to the encumbrance, alienation, or lease. It is not voidable by a purchaser or other third party. In Re: Quirk, Calcasieu Marine National Bank v. Young, 119 B.R. 99, 100-101 (Bankr. W.D. La. 1990). Accordingly, we agree that under the above cited civil code articles and jurisprudence, the legal remedy for lack of consent was established for the protection of Mrs. Devier and not the defendants. See Haynes v. Haynes, 848 So. 2d at 39.
Further, while we agree with the trial court that the concurrence of both Thad and Katherine Devier was required to alienate, encumber, or lease the community property herein, we agree with plaintiff that the absence of Mrs. Devier's signature on the purchase agreement herein created only a relative nullity, which could subsequently be confirmed. See Perkins v. B & W Contractors, Inc., 439 So. 2d 652, 656 (La. App. 1st Cir.), writ denied, 443 So. 2d 593 (La. 1983). Thus, to the extent that the trial court determined that the purchase agreement herein was "null and void," and unenforceable on the basis of an absolute nullity, we agree that the trial court erred as a matter of law in its stated reasons.
Nonetheless, on de novo review of the summary judgment, we find the trial court's judgment granting summary judgment and dismissing plaintiffs petition for specific performance and enforcement of the contract was nonetheless proper, albeit on a different basis. It is undisputed that at the time plaintiffs filed suit to enforce the purchase agreement and requested damages and attorney's fees thereunder, no ratification or confirmation by Mrs. Devier had occurred. Notably, in addition to various other obligations specified in the Agreement to Purchase, Devier was contractually obligated to provide "Merchantable Title," as follows:
SELLER shall deliver to PURCHASER a merchantable title; and SELLER'S inability to deliver such title, within the time stipulated herein, shall render this agreement null and void, reserving unto PURCHASER the right to demand the return of the deposit and to recover from SELLER actual costs incurred in processing of sale.
As recognized by the Supreme Court in Young v. Stevens, 252 La. 69, 76, 209 So. 2d 25, 27-28 (La. 1967):
Property has a merchantable title when it can be readily sold or mortgaged in the ordinary course of business by reasonable persons familiar with the facts and questions involved. `One should not be made to accept a title tendered as good, valid and binding unless it is entirely legal from every point of view.... The promisee in a contract to sell is not called upon to accept a title which may reasonably suggest litigation.' [Citations omitted].
The purchase agreement herein was executed on April 3, 2007. The parties do not dispute that at the time defendants sought to terminate the agreement by letter of July 10, 2007, no confirmation or ratification of the agreement to sell by Mrs. Devier had ever occurred. Moreover, as of the date suit was filed by plaintiff seeking to enforce the agreement, no ratification had occurred. Further, although Mrs. Devier later attempted to confirm or ratify the agreement to sell by executing an affidavit on May 2, 2008, in opposition to the defendants' motion for summary judgment, this attempt likewise occurred well after Devier's suit seeking to enforce the contract and for specific performance had been filed.[3] Thus, on de novo review, we find the judgment rendered by the trial court was correct.
The remaining arguments by plaintiff lack merit.

CONCLUSION
Based on the above and foregoing reasons, the May 23, 2008 judgment of the trial court, granting the defendants' motion for summary judgment and dismissing plaintiff's petition for specific performance, is affirmed. Costs of this appeal are assessed against the plaintiff/appellant, Thad Devier.
AFFIRMED.
NOTES
[1] Although the trial court's written reasons for judgment state that it "ruled on all of the matters from the bench at the hearing, maintaining the exceptions" and that it granted the exceptions of "No Cause/No Right of Action...as to Devier Construction," the judgment is silent as to the peremptory exception of no cause of action. When the judgment is silent as to any part of a demand or any issue that was litigated, that issue or demand is deemed rejected. City of Baton Rouge v. State. Department of Social Services, XXXX-XXXX (La. App. 1st Cir. 9/14/07), 970 So. 2d 985, 990. Moreover, where there is a discrepancy between the judgment and the reasons for judgment, the judgment prevails. Scoggins v. Frederick, 98-1815 (La. App. 1st Cir. 9/24/99), 744 So. 2d 676, 680 n.4, writ denied, 99-3557 (La. 3/17/00), 756 So. 2d 1141. However, the parties concede, and we agree, that Devier Construction, LLC has no cause of action herein.

In reference to the portion of the judgment maintaining defendants' peremptory exception of no right of action, plaintiff concedes in his brief that he concurs in the trial court's determination that Thad Devier, not Devier Construction, LLC, is the proper plaintiff in this suit as Thad W. Devier is the owner of record of the property at issue.
[2] According to the Act of Cash Sale dated July 19, 2006, at the time Devier purchased the property herein, he was married to Katherine W. Devier. Things in possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community. LSA-C.C. art. 2340. Further, LSA-C.C. art. 2347(A) provides, in pertinent part, that "[t]he concurrence of both spouses is required for the alienation, encumbrance, or lease of community immovables."
[3] Although the contract does not specify "the time stipulated herein" for delivery of merchantable title, the contract does provide that `'Time being of the essence, the Act of Sale, at expense of PURCHASER is to be passed within 14 days of certificate of occupancy issued by City of Covington or sooner if mutually agreeable." A copy of a document styled as "Inspection Field Sheet," which states `RESIDENCE IS OKAY FOR OCCUPANCY," was filed with the petition. Notably, this document is dated August 8, 2007. Thus, any attempt by the Deviers to correct the unmerchantable title on May 2, 2008 by affidavit in response to the defendants' motion for summary judgment likewise occurred long after the residence had been approved for occupancy and undisputedly outside of the 14-day period specified in the agreement to purchase.