McCLENDON, J.,
dissents and assigns reasons.
| T Both the workers’ compensation judge (“WCJ”) and the majority rely on LSA-R.S. 23:1121(D) in finding that Mr. Dawson was entitled to seek treatment with a second orthopaedist. However, I do not *631 believe that provision is applicable to the facts of this case. Specifically, LSA-R.S. 23:1121(D) provides, in pertinent part:
After all examinations have been conducted but prior to any order directing the injured employee to return to work, the employee shall be permitted, at his own expense, to consult with and be examined by a physician of his own choosing. (Emphasis added.)
It is undisputed that Mr. Dawson had returned to work before seeking treatment from a second orthopaedist. Louisiana Revised Statutes 23:1121 gives an injured employee an absolute right to select one physician in any field without the approval of the employer, but it does not invest the claimant with the right to multiple treating physicians. Reed v. St. Francis Medical Center, 44,211, p. 7 (La.App. 2 Cir. 4/8/09), 8 So.3d 824, 828-29. As with a claim for medical expenses under LSA-R.S. 23:1203, the claimant, in the absence of approval by the employer or insurer in accordance with LSA-R.S. 23:1121, must show that a choice of a new treating physician is medically necessary. See Reed, 44,211 at p. 7, 8 So.3d at 829 and Stelly v. United Parcel Service, 600 So.2d 156, 159-60 (LaApp. 3 Cir.1992). Thus, the proper inquiry is whether claimant’s |2treatment by the second orthopaedist is medically necessary. LSA-R.S. 23:1203 and Reed, 44,211 at p. 7, 8 So.3d at 829.
In this regard, the WCJ made no finding as to medical necessity. Nor do I find that Mr. Dawson’s testimony that he did not like what his first orthopaedist told him and he felt that said orthopaedist had just “passed it off’ sufficient to establish medical necessity. Cf Stelly, 600 So.2d at 159, where technology had improved since claimant’s accident and greater clarity of detail was available through the MRI that had not been available at the time of treatment with his prior orthopaedist and Rushing v. Winn-Dixie Louisiana, Inc., 06-2016, pp. 5-6 (La.App. 1 Cir. 8/1/07), 965 So.2d 462, 465, where claimant was entitled to change physicians when his first physician’s medical privileges were revoked and his second treating physician had retired. Therefore, I must respectfully dissent.[1]

. Given that the factual finding of the WCJ was interdicted by legal error and based on the specific facts of this case, a remand to determine medical necessity may be appropriate.